1 | WILLIAM FAULKNER (83385)
  | MICHAEL WARREN (223642)
2 | McMANIS FAULKNER
  | a Professional Corporation
3 | 50 West San Fernando Street, 10th Floor
  | San Jose, California 95113
4 | Telephone:    (408) 279-8700
  | Facsimile:    (408) 279-3244
5 | Email:          mwarren@mcmanislaw.com

6 | Attorneys for Defendant
  | GILLIG, LLC
7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO/OAKLAND DIVISION

11 | RONALD TOLENTINO, individually, and on        Case No.:
   | behalf of all others similarly situated,
12 |
13 |                    Plaintiff,                **NOTICE OF REMOVAL OF ACTION
   |                                              UNDER 28 U.S.C. §§ 1331, 1441 AND 1446**
14 |            vs.
15 | GILLIG, LLC, a limited liability company; and
   | DOES 1 through 10, inclusive,
16 |
   |                    Defendants.
17 |

18

19 |        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20 | NORTHERN DISTRICT OF CALIFORNIA:

21 |        PLEASE TAKE NOTICE that defendant GILLIG, LLC. ("Gillig" or "Defendant"),

22 | hereby removes the matter of *Ronald Tolentino, et al., v. Gillig, LLC*, pending in the Superior

23 | Court of the State of California in and for the County of Alameda, Case No. RG20073930, to the

24 | United States District Court for the Northern District of California pursuant to 28 U.S.C. §§

25 | 1331, 1441(c), and 1446.

26 |        Removal is proper on the following ground: federal question jurisdiction under Section

27 | 301 of the Labor Management Relations Act of 1947 ("LMRA," 29 U.S.C. § 185, 28 U.S.C. §§

28 | 1331, 1441(c), and 1446, as discussed in detail below:

1

NOTICE OF REMOVAL, Case No.:

I.

## CLAIMS AND PROCEDURAL HISTORY

1. On September 16, 2020, Plaintiff Ronald Tolentino ("Plaintiff"), individually and on behalf of all persons similarly situated, filed a Complaint in the Superior Court of California, County of Alameda, Case No. RG20073930 (the "Complaint").

2. In the Complaint, Plaintiff asserts the following causes of action: (1) minimum wage violations; (2) failure to pay overtime wages; (3) failure to provide lawful meal periods; (4) failure to provide lawful rest periods; (5) failure to timely pay final wages; (6) wage statement violations; and (7) unfair business practices.

3. The Complaint did not expressly enumerate any claim under federal law and omits that the terms and conditions of Plaintiff's employment was subject to a Collective Bargaining Agreement ("CBA"). True and correct copies of the Summons and Complaint in this case are filed concurrently herewith as Exhibit A.

4. Defendant filed its Answer to Plaintiff's Complaint in Superior Court on October 21, 2020, a copy of which is attached hereto as Exhibit B.

5. Venue is proper in the Court pursuant to 28 U.S.C. §§ 84(a) and 1391.

II.

## TIMELINESS OF REMOVAL

6. Defendant was served with the Complaint on September 24, 2020. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after the receipt of the Summons and Complaint by Defendant, as required by 29 U.S.C. § 1446(b).

III.

## JURISDICTION

## FEDERAL QUESTION BASED ON LMRA SECTION 301 PREEMPTION

7. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(c), in that it is a civil action that presents a federal question.

---

2

NOTICE OF REMOVAL, Case No.:

8.       Federal question jurisdiction arises out of the fact that Plaintiff's claims require interpretation of a CBA and thus are completely preempted by federal law under the LMRA. 29 U.S.C. § 185. Section 301 of the LMRA provides that: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce...may be brought in a district court for the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).  To ensure uniform interpretations of CBAs, federal common law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).

9.       Further, all state law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement...any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see also Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001)(noting the Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

10.       Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a collective bargaining agreement. *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1066-1067; *see also Curtis v. Irwin Industries*, 913 F.3d 1146, 1152-1155 (9th Cir. 2019).  This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law causes of action. *See Levy v. Skywalker Sound*, 108 Cal.App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled...to wages at the level set by the CBA").

### A.    Plaintiff's Employment Was Governed by a CBA

11.       Plaintiff was an employee of Gillig during the period May 2002 to June 2020. (Declaration of Marla Loar ("Loar Decl."), ¶ 3.)  The terms and conditions of Plaintiff's

NOTICE OF REMOVAL, Case No.:

1   employment are subject to a CBA between Gillig and Teamsters Local 853 (the "Union"). (*Id.*, ¶

2   4, Exhibit 1.)  Members of the proposed class are represented by either the Teamsters Local 853

3   or the Auto, Marine and Specialty Painters Local 1176 (collectively the "Unions") and their

4   employment is governed by separate CBAs between Gillig and both Unions, respectively. (*Id.*, ¶

5   4.)  True and correct copies of the active CBAs in effect for proposed class members are attached

6   as Exhibits 1 and 2 to the concurrently-filed Loar Declaration.

7         12.    The Union is a labor organization within the meaning of Section 2(5) of the

8   NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

9         13.    Gillig is an employer within the meaning of the LMRA, 29 U.S.C. §§ 152(2).

10        14.    Section 1 of both CBAs specifically states that the Unions are the sole bargaining

11  agents for covered employees for the purposes of collective bargaining to establish rates of pay,

12  hours of work and other conditions of employment. (Loar Decl., ¶ 4, Exhibit 1, p. 3; Exhibit 2, p.

13  3.)

14        **B.  Plaintiff's Claims are Preempted by the LMRA Because They Require**

15             **Substantial Interpretation of the CBA**

16        15.    The Complaint omits the fact that Plaintiff was a member of the Union and

17  employed by Gillig through a CBA.  However, a plaintiff may not be permitted to "artfully

18  plead" his complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish*

19  *Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was

20  preempted even though operative complaint made no mention of a collective bargaining

21  agreement). The fact that Plaintiff made no specific reference to Section 301 in his Complaint

22  does not preclude removal. *See Milne Employees Ass'n v. Sun Carriers*, 960 F.2d 1401, 1406 (9th

23  Cir. 1991).  The Court may properly look beyond the face of the Complaint to determine whether

24  the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James*

25  *Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).  Additionally, the Court may

26  properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff

27  presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v.*

28  *Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).

4

16.     An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

17.     The claims asserted in Plaintiff's Complaint are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *see also Caterpillar Inc.*, 482 U.S. at 394. To analyze Plaintiff's claims, therefore, the Court will necessarily need to interpret the provisions of the relevant CBA.

## C. Resolution of Plaintiff's Claims Will Require Substantial Interpretation of Various Provisions of the Relevant CBA

18.     The Court cannot simply look to state law to resolve Plaintiff's artfully pled claims for breach of a CBA. Therefore, Plaintiff's claims cannot be adjudicated without interpretation of numerous CBA provisions that govern his employment. Plaintiff asserts the following claims: (1) minimum wage violations; (2) failure to pay overtime wages; (3) failure to provide lawful meal periods; (4) failure to provide lawful rest periods; (5) failure to timely pay final wages; (6) wage statement violations; and (7) unfair business practices

19.     The applicable CBA contains specific language governing time worked, wages, overtime, and break periods. The CBA also provides for a grievance process and require binding arbitration to resolve any disputes arising under the CBA. Resolution of Plaintiff's claims will require the Court to interpret, at a minimum, all of these provisions:

20.     The CBA sets forth the parties' mutual agreement regarding all issues pertaining to employee wages, including pay for overtime. Plaintiff claims that he is owed overtime wages for work performed in excess of eight (8) hours in a single workday. The CBA expressly

NOTICE OF REMOVAL, Case No.:

1   provides for overtime pay for hours in excess of eight (8) hours in a workday or forty (40) hours

2   in a workweek, including enhanced overtime pay benefits for work performed on weekends and

3   holidays. (Loar Decl., ¶ 4, Exhibit 1, p. 5.) Indeed, the overtime pay benefits provided by the

4   both CBAs are more favorable to Gillig employees than those provided for under California state

5   law. (*See* Loar Decl., ¶ 4, Exhibit 1, p. 5; Exhibit 2, p. 6.)

6          21.    The CBAs also provide for rest periods, and expressly lay out the conditions

7   under which employees are entitled to such breaks. (Loar Decl., ¶ 4, Exhibit 1, p. 5-6; Exhibit 2,

8   p. 6.)

9          22.    California Labor Code section 514 provides that overtime requirements do not

10  apply to employees covered by a valid CBA, so long as the CBA provides wages, hours of work,

11  working conditions, and premium wage rates for all overtime hours worked; and wages for all

12  regular hours worked are not less than 30% more than the state's minimum wage. Here, the

13  relevant CBAs meet those criteria: they provide for wages, hours, and working conditions; and

14  specifically call for and define premium pay for all overtime hours worked; in addition to

15  expressly requiring that employees be paid at an hourly rate of more than 30% above the state

16  minimum wage. As a result, the relevant CBA here must be interpreted to resolve Plaintiffs'

17  claims.

18         23.    Additionally, applying the CBAs in conjunction with Labor Code section 514, the

19  grievance and arbitration procedures set forth in the CBAs cover "any disputes or grievances

20  which may arise concerning the application or enforcement of this Agreement." (Loar Decl., ¶ 4,

21  Exhibit 1, p. 13-14; Exhibit 2, p. 12-13.)    Plaintiff's claims for wages must be arbitrated as the

22  relevant CBA requires arbitration of claims as the exclusive remedy for any violations of the

23  terms of the CBA, including but not limited to minimum wage, overtime, and rest period claims.

24  (Loar Decl., ¶ 4, Exhibit 1, p. 13-14.) The promotion of extra-judicial dispute resolution is

25  another purpose of Section 301 preemption. State court lawsuits properly removed on

26  preemption grounds may then be deferred to arbitration, if the parties to the CBA have so agreed.

27  *See Livadas v. Bradshaw*, 512 U.S. 107, 142, fn. 18 (1994). Here, the parties have so agreed,

28  and the claims are therefore subject to arbitration as discussed above. Accordingly, an alleged

NOTICE OF REMOVAL, Case No.:

1  violation of the CBA is subject to the grievance and arbitration procedures set forth therein.  As

2  all of Plaintiff's claims are in essence alleged violations of the relevant CBAs, the Court will

3  necessarily have to interpret the grievance and arbitration provisions to analyze Plaintiff's claims

4  in this case. In other words, the Court will be required to determine whether Plaintiff was first

5  required to exhaust the grievance procedures, whether he did in fact exhaust those procedures,

6  and whether he agreed to arbitrate all or some of his claims—which are all questions reserved for

7  federal courts under the LMRA.

8        24.    Accordingly, Plaintiff's claims are substantially dependent upon the interpretation

9  of the foregoing CBA terms and provisions. In fact, those terms and provisions govern nearly all

10 of the conduct that forms the basis for Plaintiff's Complaint, and thus are essential to the

11 resolution of Plaintiff's claims. Accordingly, each of Plaintiff's claims arises under Section 301

12 of the LMRA, and is therefore preempted by federal law.  Removal to federal court is warranted.

13                                    IV.

14                      **SUPPLEMENTAL JURISDICTION**

15       25.    The Court has supplemental jurisdiction over any of Plaintiff's remaining state

16 law claims to the extent they are not completely preempted by Section 301 or are not so

17 inextricably intertwined with or dependent on an interpretation of the CBAs, because they relate

18 to and emanate from the same employment relationship between Plaintiff and Defendant that is

19 the subject of the federal question claims.  All the pleaded claims thus emanate from and form

20 part of the same "case or controversy," such that they should all be tried in one action. *See*

21 *Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).  Considerations

22 of convenience, judicial economy, and fairness to the litigants strongly favor this Court

23 exercising jurisdiction over all claims in the Complaint. *See Executive Software v. U.S. Dist.*

24 *Court*, 24 F.3d 1545, 1557 (9th Cir. 1994).  Accordingly, by virtue of 28 U.S.C. § 1441,

25 Defendant is entitled to remove all of Plaintiff's claims to this Court.

26 ///

27 ///

28 ///

NOTICE OF REMOVAL, Case No.:

1

## V.

## JOINDER

26.     Defendant is not aware of any other defendant that exists and who has been named in the Complaint or who has been served with a summons and the Complaint. *See* Exhibit A.

## VI.

## NOTICE TO PLAINTIFF

27.     Upon filing of this Notice of Removal, Defendant will promptly give written notice thereof to Plaintiff and will promptly file a copy of this Notice with the clerk of the Superior Court of the State of California, County of Alameda.

28.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as Exhibits A and B.

WHEREFORE, Defendant respectfully requests that the above-entitled action now pending against it in the Superior Court of the State of California, County of Alameda, be removed to this Court.


DATED:  October 22, 2020                          McMANIS FAULKNER


                                                  /s/ Michael Warren
                                                  MICHAEL WARREN
                                                  Attorneys for Defendant
                                                  GILLIG, LLC

NOTICE OF REMOVAL, Case No.:

# EXHIBIT A

To: Alameda Superior Court   Page 29 of 31        2020-09-16 21:08:55 (GMT)        12132892838 From: MOON &amp; YANG

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GILLIG, LLC., a limited liability company; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RONALD TOLENTINO, individually, and on behalf of all others similarly situated,

**FILED BY FAX**
**ALAMEDA COUNTY**
September 16, 2020
**CLERK OF**
**THE SUPERIOR COURT**
By Nicole Hall, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda
1225 Fallon Street
Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):*
RG20073930

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kane Moon, MOON & YANG APC, 1055 W. 7th Street, Suite 1880, Los Angeles, CA 90017 (213) 232-3128

DATE:                                     Clerk, by                              Deputy
*(Fecha)* September 16, 2020         *(Secretario)* Nicole Hall          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

      Gillig, LLC, a limited liability company

3. ☑ on behalf of *(specify):*
      under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
             ☑ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Kane Moon (SBN 249834)
   Allen Foghali (SBN 301080)
2  MOON & YANG, APC
   1055 W. Seventh St., Suite 1880
3  Los Angeles, California 90017
   Telephone: (213) 232-3128
4  Facsimile: (213) 232-3125
   E-mail: kane.moon@moonyanglaw.com
5  E-mail: allen.foghali@moonyanglaw.com

6  Attorneys for Plaintiff Ronald Tolentino

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ALAMEDA

11  RONALD TOLENTINO, individually, and on     Case No.:
    behalf of all others similarly situated,
12                                             CLASS ACTION COMPLAINT:
13               Plaintiff,
                                               1.  Failure to Pay Minimum and Regular Rate
14                                                 Wages [Cal. Lab. Code §§ 204, 1194,
            vs.                                    1194.2, and 1197];
15                                             2.  Failure to Pay Overtime Compensation
                                                   [Cal. Lab. Code §§ 1194 and 1198];
16  GILLIG, LLC, a limited liability company; and  3.  Failure to Provide Meal Periods [Cal. Lab.
    DOES 1 through 10, inclusive,                  Code §§ 226.7, 512];
17                                             4.  Failure to Authorize and Permit Rest
               Defendants                          Breaks [Cal. Lab. Code §§ 226.7];
18                                             5.  Failure to Timely Pay Final Wages at
                                                   Termination [Cal. Lab. Code §§ 201-203];
19                                             6.  Failure to Provide Accurate Itemized
                                                   Wage Statements [Cal. Lab. Code § 226];
20                                                 and
                                               7.  Unfair Business Practices [Cal. Bus. &
21                                                 Prof. Code §§ 17200, et seq.].

22                                             DEMAND FOR JURY TRIAL

23

24

25

26

27

28

                          CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

INTRODUCTION & PRELIMINARY STATEMENT.................................................... 1

THE PARTIES ........................................................................................................ 3

    A.   Plaintiff.......................................................................................... 3

    B.   Defendants..................................................................................... 3

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ................................ 7

CLASS ACTION ALLEGATIONS ........................................................................ 10

FIRST CAUSE OF ACTION .................................................................................. 11

SECOND CAUSE OF ACTION .............................................................................. 12

THIRD CAUSE OF ACTION .................................................................................. 13

FOURTH CAUSE OF ACTION .............................................................................. 14

FIFTH CAUSE OF ACTION ................................................................................... 15

SIXTH CAUSE OF ACTION ................................................................................... 19

SEVENTH CAUSE OF ACTION ............................................................................ 21

PRAYER FOR RELIEF........................................................................................... 20

DEMAND FOR JURY TRIAL ................................................................................. 24

1       Plaintiff Roland Tolentino ("Plaintiff"), based upon facts that either have evidentiary

2   support or are likely to have evidentiary support after a reasonable opportunity for further

3   investigation and discovery, alleges as follows:

4   **INTRODUCTION & PRELIMINARY STATEMENT**

5       1.   Plaintiff brings this action against Defendants Gillig, LLC, and Does 1 through 10

6   (collectively referred to as "Defendants") for California Labor Code violations and unfair

7   business practices stemming from Defendants' failure to pay minimum and regular rate wages,

8   failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit

9   rest periods, failure to maintain accurate records of hours worked and meal periods, failure to

10  timely pay all wages to terminated employees, and failure to furnish accurate wage statements.

11      2.  Plaintiff brings the First through Seventh Causes of Action individually and as a class

12  action on behalf of herself and certain current and former employees of Defendants (hereinafter

13  collectively referred to as the "Class" or "Class Members" and defined more fully below).The

14  Class consists of Plaintiff and all other persons who have been employed by any Defendant in

15  California and classified as a non-exempt employee during the statute of limitations period

16  applicable to the claims pleaded here.

17      3.  Defendants own/owned and operate/operated an industry, business, and establishment

18  within the State of California, including Alameda County. As such, and based upon all the facts

19  and circumstances incident to Defendants' business in California, Defendants are subject to the

20  California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and

21  the California Business & Professions Code.

22      4.  Despite these requirements, throughout the statutory period Defendants maintained a

23  systematic, company-wide policy and practice of:

24          (a)   Failing to pay employees for all hours worked, including all minimum

25                  wages, overtime wages, in compliance with the California Labor Code and

26                  IWC Wage Orders;

27          (b)   Failing to maintain accurate records of the hours employees worked;

28

1
CLASS ACTION COMPLAINT

(c)     Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(d)     Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(e)     Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)     Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.   On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.   At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

**THE PARTIES**

A.    **Plaintiff**

7.    Plaintiff is a California resident who worked for Defendants in Alameda County, California as a maintenance worker from approximately May 2002 to June 2020.

8.    Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

B.    **Defendants**

9.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Gillig, LLC is:

         (a)    A California limited partnership with its principal place of business in Alameda, California.

         (b)    A business entity conducting business in numerous counties throughout the State of California, including in Alameda County; and

         (c)    The former employer of Plaintiff, and the current and/or former employer of the putative Class. Gillig, LLC suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

10.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

12.    Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

3

CLASS ACTION COMPLAINT

1   the other employees described in the class definitions below, and exercised control over their
2   wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges
3   that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,
4   director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest
5   and/or predecessor in interest of some or all of the other Defendants, and was engaged with some
6   or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to
7   some or all of the other Defendants so as to be liable for their conduct with respect to the matters
8   alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted
9   pursuant to and within the scope of the relationships alleged above, that each Defendant knew or
10  should have known about, and authorized, ratified, adopted, approved, controlled, aided and
11  abetted the conduct of all other Defendants.

12                  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13          13.    Plaintiff Roland Tolentino worked for Defendants in Alameda County, California
14  as a maintenance worker. At all times Defendants classified Plaintiff as non-exempt from
15  California's overtime requirements. During the statutory time period, Plaintiff was typically
16  scheduled to work 5 days in a workweek, and typically in excess of 8 hours in a single workday.

17          14.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours
18  worked (including minimum wages and overtime compensation), failed to provide Plaintiff with
19  uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest
20  periods, failed to maintain accurate records of the hours Plaintiff worked, failed to timely pay all
21  final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish
22  accurate wage statements to Plaintiff. As discussed below, Plaintiff's experience working for
23  Defendants was typical and illustrative.

24          15.    Throughout the statutory period, Defendants maintained a policy and practice of
25  not paying Plaintiff and the Class for all hours worked, including all overtime wages. Defendants
26  regularly use a system of time rounding in a manner that resulted, over a period of time, in failing
27  to compensate Plaintiff and the Class properly for all the time they have actually worked, even
28  though the realities of Defendants' operations are such that it is possible, practical, and feasible

                                                    4

1  to count and pay for work time to the minute. As a result, Defendants frequently paid Plaintiff
2  and the Class less than all their work time, some of which should have been paid at the overtime
3  rate. As a further result, Defendants failed to maintain accurate records of the hours Plaintiff and
4  the Class worked.

5      16.    Throughout the statutory period, Defendants have wrongfully failed to provide
6  Plaintiff and the Class with legally compliant meal periods. Defendants regularly, but not
7  always, required Plaintiff and the Class to work in excess of five consecutive hours a day without
8  providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours
9  of work, or without compensating Plaintiff and the Class for meal periods that were not provided
10 by the end of the fifth hour of work or tenth hour of work. Defendants did not adequately inform
11 Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or,
12 for shifts greater than 10 hours, by the end of the tenth hour of work. Defendants also did not
13 have adequate policies or practices to document and verify whether Plaintiff and the Class were
14 taking their required meal periods. Accordingly, Defendants' policy and practice was to not
15 provide meal periods to Plaintiff and the Class in compliance with California law.

16     17.    Throughout the statutory period, Defendants have wrongfully failed to authorize
17 and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants regularly,
18 but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day
19 without Defendants authorizing and permitting them to take a 10-minute, continuous and
20 uninterrupted, rest period for every four hours of work (or major fraction of four hours), or
21 without compensating Plaintiff and the Class for rest periods that were not authorized or
22 permitted. Accordingly, Defendants' policy and practice was to not authorize and permit
23 Plaintiff and the Class to take rest periods in compliance with California law.

24     18.    Throughout the statutory period, Defendants willfully failed and refused to timely
25 pay Plaintiff and the Class at the conclusion of their employment all wages, including overtime
26 wages, meal period premium wages, and rest period premium wages.

27     19.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the
28 Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross

and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code § 226(a), Plaintiff and the Class suffered injury because, among other things:

    (a)    the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

    (b)    the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages to which they were entitled, even though they had not been;

    (c)    the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

    (d)    the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

    (e)    the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

    (f)    in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

    (g)    by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

CLASS ACTION COMPLAINT

(h)    the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e).

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

21.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

22.    The proposed Class consists of and is defined as:

All persons who worked for any Defendants in California as an hourly-paid, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

23. At all material times, Plaintiff was a member of the Class.

24. Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

25. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)    Numerosity:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect

7

the interests of each Class Member with whom there is a shared, well-
defined community of interest, and Plaintiff's claims (or defenses, if any)
are typical of all Class Members' claims as demonstrated herein.

(c) <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect
the interests of each Class Member with whom there is a shared, well-
defined community of interest and typicality of claims, as demonstrated
herein. Plaintiff has no conflicts with or interests antagonistic to any Class
Member. Plaintiff's attorneys, the proposed class counsel, are versed in
the rules governing class action discovery, certification, and settlement.
Plaintiff has incurred, and throughout the duration of this action, will
continue to incur costs and attorneys' fees that have been, are, and will be
necessarily expended for the prosecution of this action for the substantial
benefit of each class member.

(d) <u>Superiority</u>: A Class Action is superior to other available methods for the
fair and efficient adjudication of the controversy, including consideration
of:

    1)    The interests of the members of the Class in individually
controlling the prosecution or defense of separate actions;

    2)    The extent and nature of any litigation concerning the controversy
already commenced by or against members of the Class;

    3)    The desirability or undesirability of concentrating the litigation of
the claims in the particular forum; and

    4)    The difficulties likely to be encountered in the management of a
class action.

(e) <u>Public Policy Considerations</u>: The public policy of the State of California
is to resolve the California Labor Code claims of many employees through
a class action. Indeed, current employees are often afraid to assert their
rights out of fear of direct or indirect retaliation. Former employees are

1       also fearful of bringing actions because they believe their former
2       employers might damage their future endeavors through negative
3       references and/or other means. Class actions provide the class members
4       who are not named in the complaint with a type of anonymity that allows
5       for the vindication of their rights at the same time as their privacy is
6       protected.

7       26. There are common questions of law and fact as to the Class (and each subclass, if any)
8    that predominate over questions affecting only individual members, including without limitation,
9    whether, as alleged herein, Defendants have:

10          (a)     Failed to pay Class Members for all hours worked, including minimum
11                  wages, and overtime wages;
12          (b)     Failed to provide meal periods and pay meal period premium wages to
13                  Class Members;
14          (c)     Failed to authorize and permit rest periods and pay rest period premium
15                  wages to Class Members;
16          (d)     Failed to promptly pay all wages due to Class Members upon their
17                  discharge or resignation;
18          (e)     Failed to provide Class Members with accurate wages statements;
19          (f)     Failed to maintain accurate records of all hours Class Members worked,
20                  and all meal periods Class Members took or missed; and
21          (g)     Violated California Business & Professions Code §§ 17200 *et. seq.* as a
22                  result of their illegal conduct as described above.

23      27. This Court should permit this action to be maintained as a class action pursuant to
24   California Code of Civil Procedure § 382 because:

25          (a)     The questions of law and fact common to the Class predominate over any
26                  question affecting only individual members;
27          (b)     A class action is superior to any other available method for the fair and
28                  efficient adjudication of the claims of the members of the Class;

                                          9

(c)   The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d)   Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f)   Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

2)   Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

28. Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff would

1    contemplate the use of additional techniques and forms commonly used in class actions, such as

2    published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by

3    other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

4    **FIRST CAUSE OF ACTION**

5    **(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

6        29.     Plaintiff incorporates by reference and re-alleges as if fully stated herein

7    paragraphs 1 through 19 in this Complaint.

8        30.     "Hours worked" is the time during which an employee is subject to the control of

9    an employer, and includes all the time the employee is suffered or permitted to work, whether or

10    not required to do so.

11        31.     At all relevant times herein mentioned, Defendants knowingly failed to pay to

12    Plaintiff and the Class compensation for all hours they worked. By their failure to pay

13    compensation for each hour worked as alleged above, Defendants willfully violated the

14    provisions of Section 1194 of the California Labor Code, and any additional applicable Wage

15    Orders, which require such compensation to non-exempt employees.

16        32.     Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all

17    non-overtime hours worked for Defendants.

18        33.     By and through the conduct described above, Plaintiff and the Class have been

19    deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

20        34.     By virtue of the Defendants' unlawful failure to pay additional compensation to

21    Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class

22    suffered, and will continue to suffer, damages in amounts which are presently unknown to

23    Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which

24    will be ascertained according to proof at trial.

25        35.     By failing to keep adequate time records required by California Labor Code §

26    1174(d), Defendants have made it difficult to calculate the full extent of minimum wage

27    compensation due Plaintiff and the Class.

28

11
CLASS ACTION COMPLAINT

36.    Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

37.    California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages. However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

38.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

39.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

40.    California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

41.    California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

42.    At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

43.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours

1  permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and the Class

2  are regularly required to work overtime hours.

3      44.   By virtue of Defendants' unlawful failure to pay additional premium rate

4  compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the

5  Class have suffered, and will continue to suffer, damages in amounts which are presently

6  unknown to them but which exceed the jurisdictional minimum of this Court and which will be

7  ascertained according to proof at trial.

8      45.   By failing to keep adequate time records required by Labor Code § 1174(d),

9  Defendants have made it difficult to calculate the full extent of overtime compensation due to

10  Plaintiff and the Class.

11      46.   Plaintiff and the Class also request recovery of overtime compensation according

12  to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well

13  as the assessment of any statutory penalties against Defendants, in a sum as provided by the

14  California Labor Code and/or other statutes.

15      47.   California Labor Code § 204 requires employers to provide employees with all

16  wages due and payable twice a month. The Wage Orders also provide that every employer shall

17  pay to each employee, on the established payday for the period involved, overtime wages for all

18  overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class

19  with all compensation due, in violation of California Labor Code § 204.

20                    **THIRD CAUSE OF ACTION**

21        **(Against All Defendants for Failure to Provide Meal Periods)**

22      48.   Plaintiff incorporates by reference and re-alleges as if fully stated herein

23  paragraphs 1 through 19 in this Complaint.

24      49.   Under California law, Defendants have an affirmative obligation to relieve the

25  Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the

26  start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal

27  periods no later than the start of the eleventh hour of work in the workday. Section 512 of the

28  California Labor Code, and Section 11 of the applicable Wage Orders require that an employer

                                13

1   provide unpaid meal periods of at least 30 minutes for each five-hour period worked. It is a
2   violation of Section 226.7 of the California Labor Code for an employer to require any employee
3   to work during any meal period mandated under any Wage Order.

4       50.     Despite these legal requirements, Defendants regularly failed to provide Plaintiff
5   and the Class with both meal periods as required by California law. By their failure to permit
6   and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact
7   that Defendants made it impossible or impracticable to take these uninterrupted meal periods),
8   Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and
9   the applicable Wage Orders.

10      51.     Under California law, Plaintiff and the Class are entitled to be paid one hour of
11  additional wages for each workday he or she was not provided with all required meal period(s),
12  plus interest thereon.

13                          **FOURTH CAUSE OF ACTION**
14          **(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

15      52.     Plaintiff incorporates by reference and re-alleges as if fully stated herein
16  paragraphs 1 through 19 in this Complaint.

17      53.     Defendants are required by California law to authorize and permit breaks of 10
18  uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than
19  two hours). Section 512 of the California Labor Code, the applicable Wage Orders require that
20  the employer permit and authorize all employees to take paid rest periods of 10 minutes each for
21  each 4-hour period worked. Thus, for example, if an employee's work time is 6 hours and ten
22  minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so
23  required is itself a violation of California's rest break laws. It is a violation of Section 226.7 of
24  the California Labor Code for an employer to require any employee to work during any rest
25  period mandated under any Wage Order.

26      54.     Despite these legal requirements, Defendants failed to authorize Plaintiff and the
27  Class to take rest breaks, regardless of whether employees worked more than 4 hours in a
28  workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as

1    alleged above (or due to the fact that Defendants made it impossible or impracticable to take
2    these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of
3    the California Labor Code and the applicable Wage Orders.

4        55.    Under California law, Plaintiff and the Class are entitled to be paid one hour of
5    premium wages rate for each workday he or she was not provided with all required rest break(s),
6    plus interest thereon.

7                              **FIFTH CAUSE OF ACTION**
8    **(Against all Defendants for Failure to Pay Wages of Discharged Employees -- Waiting Time**
9                                    **Penalties)**

10       56.    Plaintiff incorporates by reference and re-alleges as if fully stated herein
11   paragraphs 1 through 19 in this Complaint.

12       57.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if
13   an employer discharges an employee, the wages earned and unpaid at the time of discharge are
14   due and payable immediately, and that if an employee voluntarily leaves his or her employment,
15   his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,
16   unless the employee has given seventy-two (72) hours previous notice of his or her intention to
17   quit, in which case the employee is entitled to his or her wages at the time of quitting.

18       58.    Within the applicable statute of limitations, the employment of Plaintiff and many
19   other members of the Class ended, i.e. was terminated by quitting or discharge, and the
20   employment of others will be.  However, during the relevant time period, Defendants failed, and
21   continue to fail to pay terminated Class Members, without abatement, all wages required to be
22   paid by California Labor Code sections 201 and 202 either at the time of discharge, or within
23   seventy-two (72) hours of their leaving Defendants' employ.

24       59.    Defendants' failure to pay Plaintiff and those Class members who are no longer
25   employed by Defendants their wages earned and unpaid at the time of discharge, or within
26   seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor
27   Code §§ 201 and 202.

28

60.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

61.    Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

62.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SIXTH CAUSE OF ACTION

### (Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)

63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

64.    At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

65.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the

16

1  failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list

2  the true "total hours worked by the employee," and the failure to list the true net wages earned.

3       66.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

4  and the Class have suffered injury and damage to their statutorily-protected rights.

5       67.    Specifically, Plaintiff and the members of the Class have been injured by

6  Defendants' intentional violation of California Labor Code § 226(a) because they were denied

7  both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

8  statements under California Labor Code § 226(a).

9       68.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and

10 time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as

11 a result of having to bring this action to attempt to obtain correct wage information following

12 Defendants' refusal to comply with many of the mandates of California's Labor Code and related

13 laws and regulations.

14       69.    Plaintiff and the Class are entitled to recover from Defendants the greater of their

15 actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or

16 an aggregate penalty not exceeding four thousand dollars per employee.

17       70.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of

18 attorney's fees and costs to ensure compliance with this section, pursuant to California Labor

19 Code § 226(h).

20                    **SEVENTH CAUSE OF ACTION**

21  **(Against all Defendants for Violation of California Business & Professions Code §§ 17200,**

22                             **et seq.)**

23       71.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

24 paragraphs 1 through 19 in this Complaint.

25       72.    Defendants, and each of them, are "persons" as defined under California Business

26 & Professions Code § 17201.

27       73.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

28 unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seek

1   to enforce important rights affecting the public interest within the meaning of Code of Civil

2   Procedure § 1021.5.

3        74.    Defendants' activities, as alleged herein, are violations of California law, and

4   constitute unlawful business acts and practices in violation of California Business & Professions

5   Code §§ 17200, *et seq.*

6        75.    A violation of California Business & Professions Code §§ 17200, *et seq.* may be

7   predicated on the violation of any state or federal law. All of the acts described herein as

8   violations of, among other things, the California Labor Code, are unlawful and in violation of

9   public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous,

10   and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of

11   California Business &Professions Code §§ 17200, *et seq.*

<b>Failure to Pay Minimum Wages</b>

13        76. Defendants' failure to pay minimum wages, and other benefits in violation of the

14   California Labor Code constitutes unlawful and/or unfair activity prohibited by California

15   Business & Professions Code §§ 17200, *et seq.*

<b>Failure to Pay Overtime Wages</b>

17        77. Defendants' failure to pay overtime compensation and other benefits in violation of

18   California Labor Code §§ 510, 1194, and 1198constitutes unlawful and/or unfair activity

19   prohibited by California Business & Professions Code §§ 17200, *et seq.*

<b>Failure to Maintain Accurate Records of All Hours Worked</b>

21        78. Defendants' failure to maintain accurate records of all hours worked in accordance

22   with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or

23   unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

<b>Failure to Provide Meal Periods</b>

25        79. Defendants' failure to provide meal periods in accordance with California Labor Code

26   §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or

27   unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

28

18<br>CLASS ACTION COMPLAINT

**Failure to Maintain Accurate Records of Meal Periods**

80. Defendants' failure to maintain accurate records of employee meal periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Authorize and Permit Rest Periods**

81. Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

**Failure to Provide Accurate Itemized Wage Statements**

82. Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

83. By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

84. Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

85. Plaintiff, individually, and on behalf of members of the putative Class, are entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

86. Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them,

1  from engaging in any of the above-described unfair, unlawful and/or fraudulent business

2  practices in the future.

3      87.    Plaintiff, individually, and on behalf of members of the putative class, have no

4  plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members

5  suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business

6  practices. As a result of the unfair, unlawful and/or fraudulent business practices described

7  above, Plaintiff, individually, and on behalf of members of the putative Class, suffered and will

8  continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from

9  continuing to engage in said unfair, unlawful and/or fraudulent business practices.

10     88.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth

11  herein above, they will continue to avoid paying the appropriate taxes, insurance and other

12  withholdings.

13     89.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff

14  and putative Class Members are entitled to restitution of the wages withheld and retained by

15  Defendants during a period that commences four years prior to the filing of this complaint; a

16  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

17  Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

18  1021.5 and other applicable laws; and an award of costs.

19                              <u>**PRAYER FOR RELIEF**</u>

20     Plaintiff, individually, and on behalf of all others similarly situated only with respect to

21  the class claims, pray for relief and judgment against Defendants, jointly and severally, as

22  follows:

23                              <u>Class Certification</u>

24     1.    That this action be certified as a class action with respect to the First, Second,

25  Third, Fourth, Fifth, Sixth, and Eighth Causes of Action;

26     2.  That Plaintiff be appointed as the representative of the Class; and

27     3.  That counsel for Plaintiff be appointed as Class Counsel.

28

CLASS ACTION COMPLAINT

1

<u>As to the First Cause of Action</u>

2       4.  That the Court declare, adjudge and decree that Defendants violated California Labor

3   Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum

4   wages due;

5       5.  For general unpaid wages as may be appropriate;

6       6.  For pre-judgment interest on any unpaid compensation commencing from the date

7   such amounts were due;

8       7.  For liquidated damages;

9       8.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

10  California Labor Code § 1194(a); and,

11      9.  For such other and further relief as the Court may deem equitable and appropriate.

12

<u>As to the Second Cause of Action</u>

13      10. That the Court declare, adjudge and decree that Defendants violated California Labor

14  Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime

15  wages due;

16      11. For general unpaid wages at overtime wage rates as may be appropriate;

17      12. For pre-judgment interest on any unpaid overtime compensation commencing from

18  the date such amounts were due;

19      13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

20  California Labor Code § 1194(a); and,

21      14. For such other and further relief as the Court may deem equitable and appropriate.

22

<u>As to the Third Cause of Action</u>

23      15. That the Court declare, adjudge and decree that Defendants violated California Labor

24  Code §§ 226.7 and 512, and the IWC Wage Orders;

25      16. For unpaid meal period premium wages as may be appropriate;

26      17. For pre-judgment interest on any unpaid compensation commencing from the date

27  such amounts were due;

28

21<br>CLASS ACTION COMPLAINT

1    18. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and

2    for costs of suit incurred herein; and

3         19. For such other and further relief as the Court may deem equitable and appropriate.

4                           As to the Fourth Cause of Action

5         20. That the Court declare, adjudge and decree that Defendants violated California Labor

6    Code §§ 226.7 and 512, and the IWC Wage Orders;

7         21. For unpaid rest period premium wages as may be appropriate;

8         22. For pre-judgment interest on any unpaid compensation commencing from the date

9    such amounts were due;

10        23. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and

11    for costs of suit incurred herein; and

12        24. For such other and further relief as the Court may deem equitable and appropriate.

13                           As to the Fifth Cause of Action

14        25. That the Court declare, adjudge and decree that Defendants violated California Labor

15    Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of

16    termination of the employment;

17        26. For statutory wage penalties pursuant to California Labor Code § 203 for former

18    employees who have left Defendants' employ;

19        27. For pre-judgment interest on any unpaid wages from the date such amounts were due;

20        28. For reasonable attorneys' fees and for costs of suit incurred herein; and

21        29. For such other and further relief as the Court may deem equitable and appropriate.

22                           As to the Sixth Cause of Action

23        30. That the Court declare, adjudge and decree that Defendants violated the record

24    keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and

25    willfully failed to provide accurate itemized wage statements thereto;

26        31. For statutory penalties and actual damages pursuant to California Labor Code §

27    226(e);

28

CLASS ACTION COMPLAINT

1    32. For injunctive relief to ensure compliance with this section, pursuant to California

2    Labor Code § 226(h);

3        33. For reasonable attorneys' fees and for costs of suit incurred herein; and

4        34. For such other and further relief as the Court may deem equitable and appropriate.

5                    <u>As to the Seventh Cause of Action</u>

6        35. That the Court declare, adjudge and decree that Defendants violated California

7    Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked

8    (including minimum and overtime wages), failing to provide meal periods, failing to maintain

9    accurate records of meal periods, failing to authorize and permit rest periods, failing to maintain

10   accurate records of all hours worked and meal periods, and failing to furnish accurate wage

11   statements;

12       36. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment

13   interest from the day such amounts were due and payable;

14       37. For the appointment of a receiver to receive, manage and distribute any and all funds

15   disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

16   result of violations of California Business & Professions Code §§ 17200 *et seq.*;

17       38. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

18   Code of Civil Procedure § 1021.5;

19       39. For injunctive relief to ensure compliance with this section, pursuant to California

20   Business & Professions Code §§ 17200, *et seq.*; and,

21       40. For such other and further relief as the Court may deem equitable and appropriate.

22                    <u>As to all Causes of Action</u>

23       41. For any additional relief that the Court deems just and proper.

24

25

26

27

28

1 Dated: September 16, 2020     Respectfully submitted,

2              MOON & YANG, APC

3             By: _____

4              Kane Moon
               Allen Feghali
5              Attorneys for Plaintiff

6

7        **DEMAND FOR JURY TRIAL**

8

9   Plaintiff demands a trial by jury as to all causes of action triable by jury.

10 Dated: September 16, 2020     MOON & YANG, APC

11

12             By: _____

13              Kane Moon
               Allen Feghali
               Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

 Universal Registered Agents

Universal Registered Agents
7500 West 151st St.
P.O. Box 23788
Overland Park, KS 66283

Service of Process Transmittal Information

| | |
|---|---|
| Transmittal Number: CALIFORNIA-1 | Date / Time Served: 2020-09-24 14:08:51 |
| Entity Name: Gillig LLC | Document Served: Summons and Complaint |
| Jurisdiction: CALIFORNIA | Method of Service: Process Server |
| Nature of Action: Employment; Failure to Pay Minimum Wage | Number of Pages: 29 |
| Title of Action: RONALD TOLENTINO, individually and on behalf of others similarly situated vs. GILLIG, LLC, a limited liability company and DOES 1 through 10, inclusive | Fed Ex Tracking (if Applicable): |
| Court or Agency: SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA | |
| Case Number: RG20073930 | |
| Appearance / Answer Date: 10/25/2020 | |
| Plantiffs Attorney:<br>Kane Moon<br>Moon & Yang, APC<br>1055 W. Seventh Street, Ste. 1880<br>Los Angeles, CA 90017<br>213-232-3128 | |

Comments:

If you have any questions please contact 855-236-9172

# EXHIBIT B

WILLIAM FAULKNER (83385)
MICHAEL WARREN (223642)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:    (408) 279-8700
Facsimile:    (408) 279-3244
Email:         mwarren@mcmanislaw.com

Attorneys for Defendant
GILLIG, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| RONALD TOLENTINO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GILLIG, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  RG20073930<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:    September 16, 2020<br>Trial Date:          Not set |

Defendant Gillig, LLC ("Defendant"), hereby answers the Complaint of Plaintiff Ronald Tolentino ("Plaintiff") and the Putative Class as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation of said Complaint, the whole thereof, including each and every alleged cause of action contained therein, and further denies that Plaintiff is entitled to the relief requested or any relief at all, that Plaintiff sustained or will sustain damages in the sum or sums alleged, in any other sum, or at all, or is entitled to attorneys' fees in the sum or sums alleged, or any other sum or sums, or at all.

///

1

**AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint, Defendant states the following facts as separate affirmative defenses to each of the allegations of Plaintiff's Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**[Failure to State a Cause of Action]**

As and for a first, separate and affirmative defense to the complaint, Defendant alleges that Plaintiff's complaint, and each of the purported causes of action contained therein, fails to state facts sufficient to constitute a cause or causes of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**[Failure to Exhaust]**

As and for a further affirmative defense to the complaint, Defendant alleges that the complaint and each cause of action alleged therein are barred because Plaintiff failed to timely and completely exhaust his requisite administrative and/or contractual remedies available to them under applicable Collective Bargaining Agreements, the California Labor Code or other provisions of law prior to commencing this action.

**THIRD AFFIRMATIVE DEFENSE**

**[Federal Preemption]**

As and for a further affirmative defense to the complaint, and to each and every cause of action contained therein, Defendant alleges that to the extent Plaintiff's claims involve conduct that is, or seek remedies that are, governed or regulated by federal law, such claims are preempted.

**FOURTH AFFIRMATIVE DEFENSE**

**[Federal Preemption – Labor Management Relations Act]**

As and for a further affirmative defense to the complaint, and to each and every cause of action contained therein, Defendant asserts that Plaintiff's claims are barred in that they are preempted by Section 301 of the Labor Management Relations Act.

///

///

2

## FIFTH AFFIRMATIVE DEFENSE

### [Exemption Under California Labor Code Section 514]

As and for a further affirmative defense to the complaint, Defendant alleges that the complaint and each cause of action alleged therein are barred because they are preempted by collective bargaining agreements which qualify to exempt Defendant from overtime, meal and rest period requirements and other requirements of the California Labor Code.

## SIXTH AFFIRMATIVE DEFENSE

### [Binding Arbitration Under Collective Bargaining Agreement]

As and for a further affirmative defense to the complaint, and to each and every cause of action contained therein, Defendant asserts that Plaintiff's claims are barred in that they are preempted by collective bargaining agreements and subject to binding arbitration under those agreements.

## SEVENTH AFFIRMATIVE DEFENSE

### [Preemption – Supremacy Clause]

As and for a further affirmative defense to the complaint, and to each and every cause of action contained therein, Defendant asserts that the Supremacy Clause of the United States Constitution bars Plaintiff's claims. *Lorrilard Tobacco Co. v. Reilly* (2001) 533 U.S. 525.

## EIGHTH AFFIRMATIVE DEFENSE

### [Field Preemption]

As and for a further affirmative defense to the complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because they are preempted by field preemption.

## NINTH AFFIRMATIVE DEFENSE

### [Non-Certifiable Class]

As and for a further affirmative defense to the complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff cannot satisfy the requirements of California Code of Civil Procedure section 382 because individual questions of fact and law

3

1  predominate over common questions, Plaintiffs' claims are not typical of those belonging to the

2  putative class members, the class is not sufficiently numerous, and/or other class requirements

3  cannot be satisfied.  Accordingly, this action is not properly brought as a class action.

4  **TENTH AFFIRMATIVE DEFENSE**

5  **[Inadequacy of Class Representative]**

6  As and for a further affirmative defense to the complaint, and to each and every

7  cause of action contained therein, Defendant alleges that Plaintiff is not a proper representative

8  of the class he purports to represent.

9  **ELEVENTH AFFIRMATIVE DEFENSE**

10  **[Lack of Superiority]**

11  As and for a further affirmative defense to the complaint, and to each and every cause of

12  action contained therein, Defendant alleges that the class action procedure is not the superior

13  method for adjudicating Plaintiff's claims or the claims of the alleged class and, accordingly, this

14  action is not properly brought as a class action.

15  **TWELFTH AFFIRMATIVE DEFENSE**

16  **[Lack of Standing]**

17  As and for a further affirmative defense to the complaint, and to each and every cause of

18  action contained therein, Defendant alleges that Plaintiff lacks standing to assert any purported

19  cause of action alleged in the Complaint and lacks standing to represent the putative class.

20  **THIRTEENTH AFFIRMATIVE DEFENSE**

21  **[Statute of Limitations]**

22  As and for a further affirmative defense to the complaint, and to each and every cause of

23  action contained therein, Defendant alleges that the Complaint, and each and every purported

24  cause of action alleged therein, is barred by the applicable statutes of limitations, including but

25  not limited to, California Labor Code Section 203; California Code of Civil Procedure Sections

26  337,338, 339,340 and 343; and California Business & Professions Code Section 1 7208.

27  ///

28  ///

4

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### [Waiver]

3       As and for a further affirmative defense to the complaint, and to each and every cause of

4    action contained therein, Defendant alleges that by his own acts and omissions, Plaintiff has

5    waived any claims and purported claims for relief contained in the complaint.

6

## FIFTEENTH AFFIRMATIVE DEFENSE

7

### [Unclean Hands]

8       As and for a further affirmative defense to the complaint, and to each and every cause of

9    action contained therein, Defendant alleges that Plaintiff's claims are barred by the doctrine of

10   unclean hands.

11

## SIXTEENTH AFFIRMATIVE DEFENSE

12

### [Laches]

13       As and for a further affirmative defense to the complaint, and to each and every

14   cause of action contained therein, Defendant alleges that Plaintiff's claims are barred by the

15   doctrine of laches.

16

## SEVENTEENTH AFFIRMATIVE DEFENSE

17

### [Estoppel]

18       As and for a further affirmative defense to the complaint, and to each and every

19   cause of action contained therein, Defendant alleges that Plaintiff's claims are barred by the

20   doctrine of estoppel.

21

## EIGHTEENTH AFFIRMATIVE DEFENSE

22

### [Privilege and Justification]

23       As and for a further affirmative defense to the complaint, and to each and every cause of

24   action contained therein, Defendant alleges that Plaintiff's claims are barred because Defendant's

25   conduct was privileged and justified.

26

## NINETEENTH AFFIRMATIVE DEFENSE

27

### [Adequate Remedies at Law]

28       As and for a further affirmative defense to the complaint, and to each and every cause of

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. RG20073930

1    action contained therein, Defendant alleges that Plaintiff is not entitled to equitable relief insofar

2    as she has adequate remedies at law.

### TWENTIETH AFFIRMATIVE DEFENSE

#### [Set-Off/Offset/Recoupment]

As and for a further affirmative defense to the complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint, and each and every purported cause of action alleged therein, is subject to setoff, offset and/or recoupment to the extent Plaintiff has already been compensated for the hours worked for which he seeks compensation here.

### TWENTY- FIRST AFFIRMATIVE DEFENSE

#### [Labor Code Section 203 – No Willful or Intentional Violation]

As and for a further affirmative defense to the complaint, and to each and every cause of action contained therein, Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class members are entitled to any additional compensation, it has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or the putative class members, within the meaning and scope of California Labor Code section 203.

### TWENTY- SECOND AFFIRMATIVE DEFENSE

#### [Bona Fide Dispute]

As and for a further affirmative defense to the complaint, and to each and every cause of action contained therein, Defendant alleges there exists a *bona fide* dispute as to whether any further compensation is actually due to Plaintiff and/or the putative class members and, if so, the amount thereof.

### TWENTY- THIRD AFFIRMATIVE DEFENSE

As and for a further affirmative defense to the complaint, and to each and every cause of action contained therein, Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226

6

1  (a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

2  **TWENTY- FOURTH AFFIRMATIVE DEFENSE**

3  **[Lack of Specificity]**

4  As and for a further affirmative defense to the complaint, and to each and every cause of

5  action contained therein, Defendant alleges that Plaintiff has failed to alleged special damages

6  with requisite specificity.

7  **TWENTY- FIFTH AFFIRMATIVE DEFENSE**

8  **[Civil Penalties Unconstitutional – Due Process and Separation of Powers]**

9  As and for a further affirmative defense to the complaint, and to each and every cause of

10  action contained therein, Defendant asserts the penalties sought in Plaintiff's Complaint violate

11  the Due Process and Separation of Powers Clauses of the United States and California

12  Constitutions. *Lockyer v. R.J. Reynolds Tobacco Co.,* 37 CaL 4th 707 (2005); *Ratner v.*

13  *Chemical Bank New York Trust Co.,* 54 F.R.D. 412 (S.D.N.Y. 1972).

14  **TWENTY- SIXTH AFFIRMATIVE DEFENSE**

15  **[After-Acquired Evidence]**

16  As and for a further affirmative defense to the complaint, and to each and every cause of

17  action contained therein, Defendant alleges that Plaintiff is barred, in whole or in part, from

18  recovery of any damages based upon the doctrine of after-acquired evidence.

19  **TWENTY- SEVENTH AFFIRMATIVE DEFENSE**

20  **[Uncertainty]**

21  As and for a further affirmative defense to the complaint, and to each and every cause of

22  action contained therein, Defendant alleges the Complaint, and the claims asserted therein, are

23  uncertain.

24  **TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

25  **[Mitigation of Damages]**

26  As and for a further affirmative defense to the complaint, and to each and every cause of

27  action contained therein, Defendant alleges that Plaintiff and any purported class members, have

28  failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their

7

1   right to recover against Defendant should be reduced and/or eliminated by such a failure.

2   ## TWENTY- NINTH AFFIRMATIVE DEFENSE

3   ### [Violation of Due Process]

4   As and for a further affirmative defense to the complaint, and to each and every cause of

5   action contained therein, Defendant alleges that certification of a class, and the prosecution of a

6   representative action on behalf of the general public under California Business and Professions

7   Code section 17200 *et seq.,* as applied to the facts and circumstances of this case, would

8   constitute a denial of Defendant's due process rights, both substantive and procedural, in

9   violation of the Fourteenth Amendment to the United States Constitution and the California

10  Constitution.

11  ## THIRTIETH AFFIRMATIVE DEFENSE

12  ### [Breach of Duty]

13  As and for a further affirmative defense to the complaint, and to each and every cause of

14  action contained therein, Defendant alleges Plaintiff's claims, and those of any putative class

15  members, are barred by their own breach of the duties owed to Defendant under California Labor

16  Code section 2854, 2856, 2857, 2858 and/or 2859.

17  ## THIRTY-FIRST AFFIRMATIVE DEFENSE

18  ### [No Penalties – Good Faith Dispute]

19  As and for a further affirmative defense to the complaint, and to each and every cause of

20  action contained therein, Defendant alleges that any violation of the Labor Code or an Order of

21  the Industrial Welfare Commission was an act or omission made in good faith and Defendant

22  had reasonable grounds for believing that its wage payment practices complied with applicable

23  laws and that any such act or omission was not a violation of the Labor Code, the common law

24  or any Order of the Industrial Welfare Commission such that Plaintiff and/or the putative class

25  members are not entitled to any penalties or damages in excess of any wages/overtime which

26  might be found to be due. Specifically, Plaintiff cannot recover Labor Code section 203 or Labor

27  Code section 226(e) civil penalties because any alleged failure to pay wages or provide

28  compliant wage statements was based on a good faith dispute regarding the applicable law or

8

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. RG20073930

1   facts.

2   **THIRTY-SECOND AFFIRMATIVE DEFENSE**

3   **[Failure to State a Claim for Attorneys' Fees and Costs]**

4   As and for a further affirmative defense to the complaint, and to each and every cause of

5   action contained therein, Defendant alleges that the Complaint fails to state a claim for attorneys'

6   fees under Labor Code section 226, Code of Civil Procedure 1021.5, Business and Professions

7   Code section 17200, *et seq.,* or any other basis.

8   **THIRTY-THIRD AFFIRMATIVE DEFENSE**

9   **[Failure to State a Claim for Attorneys' Fees and Costs]**

10  As and for a further affirmative defense to the complaint, and to each and every cause of

11  action contained therein, Defendant alleges that any failure to comply with Defendant's work-

12  time recording and overtime polices and requirements, was the result of failure by Plaintiff

13  and/or the putative class members to follow Defendant's reasonable instructions.

14  **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

15  **[No Harm Suffered]**

16  As and for a further affirmative defense to the complaint, and to each and every cause of

17  action contained therein, Defendant alleges that Plaintiff has not suffered and will not suffer

18  irreparable harm or any harm as a result of any of the alleged conduct of Defendant.

19  **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

20  **[Additional Affirmative Defenses]**

21  Defendant has not yet completed a thorough investigation and study or completed

22  discovery of all facts and circumstances of the subject matter of the complaint and, accordingly,

23  reserves the right to amend, modify, revise, or supplement its Answer, and to plead such further

24  defenses and take such further actions as it deems proper and necessary in its defense upon

25  completion of said investigation and study.

26  WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

27  1.    That Plaintiff take nothing by this action and that the complaint be dismissed in its

28        entirety with prejudice;

9

1       2.      For all reasonable costs and attorneys' fees incurred by Defendant in connection

2              with the defense of this matter; and

3       3.      For such other and further relief as the Court in the exercise of its discretion

4              deems just and proper.

5   DATED:  October 21, 2020          McMANIS FAULKNER

6

7

8                                        MICHAEL WARREN
                                        Attorneys for Defendant

9                                        GILLIG, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. RG20073930

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is 50 West San Fernando Street, 10th Floor, San Jose, California 95113.  My email address is: edresser@mcmanislaw.com.

On October 21, 2020, I served the foregoing document described as:

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

on the parties in this action by placing a true copy(ies) or the original(s) thereof enclosed in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kane Moon, Esq.<br>Allen Feghali<br>MOON & YANG, APC<br>1055 W. Seventh St., #1880<br>Los Angeles, CA  90017<br>T:  (213) 232-3128 / F:  (213) 232-3125<br>E:  kane.moon@moonyanglaw.com<br>   allen.feghali@moonyanglaw.com | Attorneys for Plaintiff<br>RONALD TOLENTINO |

☒    **(BY OVERNIGHT DELIVERY)**
I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above or on the attached service list.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒    **(STATE)**
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 21, 2020, at San Jose, California.

Elise Dresser

1

**Dresser, Elise**

| | |
|---|---|
| **From:** | Express Network <orders@expressnetworkas.com> |
| **Sent:** | Wednesday, October 21, 2020 1:35 PM |
| **To:** | Dresser, Elise |
| **Subject:** | QC # 45256 : Per Court Drop. |

QC # 45256
Your Reference : 2003005
Case Name: TOLENTINO V. GILLIG
Case Number : RG20073930
Documents : ANSWER

Good Afternoon,

Please be advised that due to the current COVID-19 court closures and limitations, all filings must be placed in the court's dropbox. Your documents have been prepared and left with additional copies and a stamped envelope for the clerk to mail back conformed copies. The court will honor today's date as long as there are no issues with your document(s) that may cause a rejection. Should you have any questions or concerns, please do not hesitate to contact us at (888) 232-6077.

Please DO NOT reply to this email.

If you have any questions, please call our Rush Filing Hotline at (888) 232-6077.

Your helpful comments and feedback are much appreciated and will help us improve the quality of service we provide our clients.

Please let us know how satisfied you were with the service we provided.



| Very Unhappy | Unhappy | Happy | Very Happy |

We here at Express Network greatly value your business.

Did you know that we currently provide the following services:

-Service of Process

-E-filing and Court Services

-24/7 Messenger Services

-Records Retrieval / Subpoena Preparation
-Digital Imaging
-Electronic Discovery
-Wage Levies
-Bank Levies
-Skip Tracing

If you have any questions about these additional services,
please contact our office at (888) 232-6077. Thank you.

CONFIDENTIALITY NOTICE:
The information contained in this electronic mail transmission is confidential.
It may also be privileged work product or proprietary information.
This information is intended for the exclusive use of the addressee(s).
If you are not the intended recipient, you are hereby notified that any use,
disclosure, dissemination, distribution (other than to the addressee(s)),
copying or taking of any action because of this information is strictly prohibited.

Fax Server          9/18/2020 9:56:57 AM   PAGE   1/001   Fax Server

To: Alameda Superior Court   Page 30 of 31          2020-09-16 21:08:55 (GMT)          12132692836  From: MOON &amp; YANG

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kane Moon (SBN 249834), Allen Feghali (SBN 301900)
MOON & YANG APC
1055 W. 7th Street, Suite 1880
Los Angeles, CA 90017
TELEPHONE NO.: 213-232-3128      FAX NO.: 213-232-3125
ATTORNEY FOR (Name): Plaintiff Ronald Tolentino

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
  STREET ADDRESS: 1225 Fallon Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Oakland, CA 94612
  BRANCH NAME: Rene C. Davidson Court House

CASE NAME:
Tolentina v. Qillla, LLC

FOR COURT USE ONLY

**FILED BY FAX**
ALAMEDA COUNTY
September 16, 2020
CLERK OF
THE SUPERIOR COURT
By Nicole Hall, Deputy
CASE NUMBER:
RG20073930

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter     ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2)

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 7
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 09/16/2020
Kane Moon
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

Kane Moon (SBN 249834)
Allen Feghali (SBN 301080)
Enzo Nabiev (SBN 332118)
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
E-mail: kane.moon@moonyanglaw.com
E-mail: allen.feghali@moonyanglaw.com
E-mail: enzo.nabiev@moonyanglaw.com

Attorneys for Plaintiff Ronald Tolentino

**FILED BY FAX**
ALAMEDA COUNTY

September 29, 2020

CLERK OF
THE SUPERIOR COURT
By Nicole Hall, Deputy

CASE NUMBER:
**RG20073930**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALEMEDA**

| | |
|---|---|
| RONALD TOLENTINO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GILLIG, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No.: RG20073930<br><br>**NOTICE OF HEARINGS**<br><br><u>Complex Determination Hearing</u><br>Date:   October 27, 2020<br>Time:   3:00 p.m.<br>Dept.:   23<br><br><u>Case Management Conference</u><br>Date:   December 2, 2020<br>Time:   9:00 a.m.<br>Dept.:   23 |

NOTICE OF HEARINGS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE the Court has set hearings in Department 23 at Superior Court of California, County of Alameda, Administration Building located at 1221 Oak Street, Fourth Floor, Oakland, CA 94612. A true and correct copy of the order is attached hereto as "Exhibit A."

Dated: September 28, 2020

Respectfully submitted,
MOON & YANG, APC

By: _____

Kane Moon
Allen Feghali
Enzo Nabiev
Attorneys for Plaintiff

1

NOTICE OF HEARINGS

EXHIBIT A

Moon & Yang APC
Attn: Moon, Kane
1055 W 7th St.
#1880
Los Angeles, CA   90017_____

Gillig, LLC

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Tolentino

Plaintiff/Petitioner(s)

VS.

Gillig, LLC

Defendant/Respondent(s)
(Abbreviated Title)

No. RG20073930

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and
time noted below:

Complex Determination Hearing:
DATE: 10/27/2020   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 12/02/2020   TIME: 09:00 AM   DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of
the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation
Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb).
For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at
(510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County
of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this
notice on all parties omitted from this notice or brought into the action after this notice was
mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex
Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement
may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting
directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For
further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 09/21/2020                    Chad Finke  Executive Officer / Clerk of the Superior Court

                    By

                                                                    Deputy Clerk
_____

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 09/22/2020.

                    By

                                                                    Deputy Clerk

### PROOF OF SERVICE

STATE OF CALIFORNIA    )
                  ) ss
COUNTY OF LOS ANGELES  )

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 West Seventh Street, Suite 1880, Los Angeles, California 90017.  On September 21, 2020, I served the foregoing document described as:

### NOTICE OF HEARINGS

X   by placing   the original  X  a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Universal Registered Agents, Inc.
2020 Hurley Way, Suite 350
Sacramento, CA 95825
*Agent for Service of Process for Defendant Gillig, LLC*

[X]  **BY U.S. MAIL:** I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY PERSONAL DELIVERY:** I delivered said document(s) to the office of the addressee shown above under whom it says delivered by personal delivery.

X  (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on September 21, 2020 at Los Angeles, California.


Ivette Hernandez
Type or Print Name                        Signature