Kane Moon (SBN 249834)
Allen Feghali (SBN 301080)
Enzo Nabiev (SBN 332118)
MOON & YANG, APC
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
E-mail: kane.moon@moonyanglaw.com
E-mail: allen.feghali@moonyanglaw.com
E-mail: enzo.nabiev@moonyanglaw.com

Attorneys for Plaintiff Ronald Tolentino

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TOLENTINO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GILLIG, LLC, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  3:20-cv-07427-MMC<br><br>Magistrate Judge: Hon. Maxine M. Chesney<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND**<br><br>Date:          December 11, 2020<br>Time:          9:00 a.m.<br>Courtroom:   7<br><br>Action Filed:          September 16, 2020 (state)<br>Action Removed:      October 23, 2020 |

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 2

II.  PROCEDURAL HISTORY ........................................................................................ 2

III. DISCUSSION ............................................................................................................. 3

    A.   **Applicable Legal Standard** ............................................................................ 3

        1.   **Legal Standard** ...................................................................................... 3

            a.   Defendant Has Failed To Defeat The Presumption Against Removal In Federal Question Cases ................................................................... 3

            b.   Defendant Has Failed To Bear Its Burden of Establishing Federal Jurisdiction ..................................................................................... 4

            c.   There Is No Federal Jurisdiction Here Because Plaintiff's Causes of Action Are Based On California Law .......................................... 4

    B.   **Defendant Falls Short of Meeting the Burden of the Two-Part Inquiry Under *Burnside*, as Plaintiff's Claims Are Predicated on State Law and Interpretation of the CBA is Completely Unnecessary** .......................................... 5

        1.   **Plaintiff's Claims Are Predicated on State Law** ............................................. 5

            a.   It Is Not Necessary To Analyze Or Interpret The CBA Regarding Plaintiff's Overtime Claim .......................................................... 8

            b.   It Is Not Necessary To Analyze Or Interpret The CBA Regarding Plaintiff's Break Claims .......................................................... 8

    C.   **Defendant Is Merely Relying Upon the CBA to Mount Its Defenses** .................... 9

    D.   **Plaintiff's Derivative Claims Remain Viable Because Plaintiff's Claims Predicated on the Failure to Pay Overtime Wages and Compliant Meal & Rest Breaks Remain Viable** ............................................................................ 10

IV.  CONCLUSION ........................................................................................................ 11

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*Abrego Abrego v. The Dow Chemical Co.,*

4

    443 F.3d 676, 684 (9th Cir. 2006) .................................................................................... 4

5

*Ansley v. Ameriquest Mortg. Co.,*

6

    340 F.3d 858, 861 (9th Cir. 2003) .................................................................................... 4

7

Araquistain v. Pacific Gas & Electric Company,

8

    229 Cal.App.4th 227, 231, 176 Cal.Rptr.3d 620 (2014) ................................................ 10

9

*ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'lQuality of Montana,*

10

    213 F.3d 1108, 1114 (9th Cir. 2000) ............................................................................... 6

11

*Associated Builders & Contractors,*

12

    109 F.3d at 1357) ............................................................................................................. 9

13

*Beneficial Nat'l. Bank v. Anderson,*

14

    539 U.S. 1, 9 n. 5, 123 S.Ct. 2058, 2064 (2003) ............................................................ 4

15

*Burnside v. Kiewit Pacific Corp.,*

16

    491 F.3d 1053 ............................................................................................................... 5, 6

17

Cal. Lab. Code §§ 514 ........................................................................................................... 8

18

*Caterpillar Inc. v. Williams,*

19

    482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) .................................................. passim

20

*Cramer v. Consol. Freightways, Inc.,*

21

    255 F.3d 683, 691-92 (9th Cir. 2001), cert. denied, 534 U.S. 1078 (2002) ................ 6, 7, 10

22

*Dahl v. Albertsons Inc.,*

23

    234 F.Appx. 446, 449 (9th Cir. 2007) ........................................................................... 10

24

*Emrich v. Touche Ross & Co.,*

25

    846 F.2d 1190, 1195 (9th Cir. 1988) ............................................................................... 4

26

*Gaus v. Miles, Inc.,*

27

    980 F.2d 564, 566 (9th Cir. 1992 ..................................................................................... 3

28

*Hunter v. Philip Morris USA,*

582 F.3d 1039, 1042 (9th Cir. 2009) ...........................................................................3

*Livadas v. Bradshaw*,

512 U.S. 107, 123, 114 S.Ct. 2068, 2078 (1994)...................................................5

*Meyer v. Irwin Industries, Inc.*,

C.D.Cal.2010, 723 F.Supp.2d 1237........................................................................9

Mitchell v. Mirant Cal., LLC,

2008 WL 501392, at *3 (N.D.Cal. Feb. 21, 2008) .................................................9

*Placencia v. Amcor Packaging Distribution, Inc.*,

2014 WL 2445957, *3 (C.D. Cal. 2014)..................................................................8

*Smallwood v. Allied Van Lines, Inc.*,

660 F.3d 1115, 1120 (9th Cir. 2011) .......................................................................4

Valdez v. Allstate Ins. Co.,

372 F.3d 1115, 1117 (9th Cir. 2004) .......................................................................3

*Valles v. Ivy Hill Corp.*,

410 F.3d 1071, 1076 (9th Cir. 2005) ................................................................5, 7, 9

*Vasserman v. Henry Mayo Newhall Memorial Hospital*,

2014 WL 6896033, *23 (C.D. Cal. 2014)......................................................6, 7, 8, 10

*Ward v. Circus Circus Casinos, Inc.*,

473 F.3d 994, 998 (9th Cir. 2007) ...........................................................................7

STATUTES

28 U.S.C. § 1331 ...............................................................................................................2

28 U.S.C. § 1441 ...............................................................................................................3

29 U.S.C. § 185(a)............................................................................................................4

Cal. Bus. & Prof. Code §§ 17200...............................................................................2, 6

Cal. Lab. Code § 226 ...................................................................................................2, 6

Cal. Lab. Code §§ 1194 ...............................................................................................2, 6

Cal. Lab. Code §§ 201 .................................................................................................2, 6

Cal. Lab. Code §§ 204 .................................................................................................2, 6

Cal. Lab. Code §§ 226.7 .................................................................................................................... 2, 6

1   **TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

2   PLEASE TAKE NOTICE that on December 11, 2020, at 10:00 a.m. in Courtroom A-15th

3   Floor of the United States District Court for the Northern District of California, located at 450

4   Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Ronald Tolentino ("Plaintiff") will and

5   hereby does move this Court for an order remanding this case to the Alameda County Superior

6   Court.

7   This Motion is made on the grounds that this Court lacks subject matter jurisdiction over

8   this action. Defendant Gillig, LLC ("Defendant") improperly removed this action asserting a

9   faulty federal question jurisdiction theory based on alleged pre-emption of Plaintiff's claims

10  under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The burden

11  of proving the Federal Court's jurisdictional falls on the removing defendant, and Defendant has

12  failed to meet this burden.

13  This Motion is based on this Notice, the Memorandum of Points and Authorities, the

14  Reply Brief in support, all papers and pleadings on file with the Court in this action, and on any

15  and all further oral and documentary evidence as the Court may consider in connection with the

16  hearing on this Motion.

17  Respectfully submitted,

18  Dated:    November 6, 2020            **MOON & YANG, APC**

19

20  By: /s/Allen Feghali
                Kane Moon
21              Allen Feghali
                Enzo Nabiev
22
                Attorneys for Plaintiff
23

24

25

26

27

28

I.   **INTRODUCTION**

This is a putative wage and hour class action brought by Plaintiff alleging causes of action stemming from Defendant's various violations of California Labor Code. Plaintiff moves to remand this putative class action to Alameda County Superior Court on the grounds that Defendant failed to establish federal question jurisdiction under § 301 pre-emption of the Labor Management Relations Act ("LMRA"). Because Plaintiff's claims are grounded in California state law, there is no need to analyze or interpret any collective bargaining agreement ("CBA"). Moreover, because the CBA is to be used as a defense by Defendant, removal is improper.

For all these reasons, discussed more fully herein, the Court should grant Plaintiff's Motion for Remand to Alameda County Superior Court.

II.   **PROCEDURAL HISTORY**

On September 16, 2020, Plaintiff Ronald Tolentino ("Plaintiff") filed a class action complaint in Alameda County Superior Court against Defendant (Notice of Removal ("NOR"), ECF No. 1, Exh. A ("Complaint")). The Complaint asserts eight causes of action for relief under California law: (1) failure to pay minimum and regular rate wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) failure to pay overtime wages [Cal. Lab. Code §§ 1194 and 1198]; (3) failure to provide meal periods [Cal. Lab. Code §§ 226.7, 512]; (4) failure to authorize and permit rest breaks [Cal. Lab. Code § 226.7]; (5) failure to timely pay final wages at termination of employment [Cal. Lab. Code §§ 201-203]; (6) failure to provide accurate itemized wage statements [Cal. Lab. Code § 226]; and (7) unfair business practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].  (Complaint: Dkt. No. 1-2, ¶¶ 29-89)

On October 23, 2020, Defendant improperly removed the case to the United States District Court for the Northern District of California, alleging federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1) Defendant argues that federal question jurisdiction exists under section 301 of LMRA because Plaintiff's claims for unpaid wages, and meal and rest period violations, are preempted by Section 301. (Dkt. No. 1, ¶ 35) Defendant then argues that this Court has supplemental jurisdiction over Plaintiff's remining claims, because these causes of action are derivative of Plaintiff's overtime, meal and rest period claims. *Id.* However, Defendant fails to

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

explain how the mere presence of meal, rest break or overtime language in the CBA requires the Court to interpret or analyze the CBA as Plaintiff's claims exist on state grounds only and do not rely on any language in the CBA.

## III.   DISCUSSION

### A.  Applicable Legal Standard

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by a defendant ... to [a] federal district court." 28 U.S.C. § 1441 (a)."A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). It is presumed, however, "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal quotation marks omitted); *see also Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992 (the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction")."Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, at 566.

Defendant has failed to defeat the presumption against removal in federal question cases. Moreover, Defendant has failed to bear its burden of establishing federal jurisdiction, as Plaintiff's claims are all premised on state law. Plaintiff's state law claims do not require the Court to analyze or interpret the CBA. Moreover, because the CBA is to be used as a defense by Defendant, removal is improper.

### 1.  Legal Standard

   a.  Defendant Has Failed To Defeat The Presumption Against Removal In Federal Question Cases

With respect to federal question jurisdiction, there is a strong presumption against removal.  *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction."). Accordingly, any doubts with respect to Defendant's attempt to remove based on an alleged federal question must be resolved in favor of remand. *Id.*

b. <u>Defendant Has Failed To Bear Its Burden of Establishing Federal Jurisdiction</u>

"The burden of establishing federal jurisdiction is upon the party seeking removal[.]" *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); see *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam). The onus is clearly on Defendant to prove federal question jurisdiction. As explained below, however, Defendant falls far short of meeting its burden of proving that federal question jurisdiction exists.

c. <u>There Is No Federal Jurisdiction Here Because Plaintiff's Causes of Action Are Based On California Law</u>

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429. However, "[t]he jurisdictional doctrine of complete preemption serves as an exception to the well-pleaded complaint rule." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). The complete preemption doctrine "provides that, in some instances, the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law." *Id.* at 861-62 (internal quotation marks omitted). The "proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive[.]" *Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1, 9 n. 5, 123 S.Ct. 2058, 2064 (2003). "[O]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430. Complete preemption "arises only in 'extraordinary' situations." *Ansley*, 340 F.3d at 862.

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a).

Importantly, the United States Supreme Court has explained that: "[i]n extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Alllis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985.) "[Section] 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law." Therefore, if the complaint does not allege that the collective bargaining agreement was breached, a United States District Court should conduct a two-step analysis to determine whether the action is preempted under section 301. *Burnside v. Kiewit Pac. Corp.,* 491 F.3d 1053, 1058-1059 (9th Cir. 2007).

**B. Defendant Falls Short of Meeting the Burden of the Two-Part Inquiry Under *Burnside*, as Plaintiff's Claims Are Predicated on State Law and Interpretation of the CBA is Completely Unnecessary**

### 1. Plaintiff's Claims Are Predicated on State Law

To determine whether Plaintiff's state law claim is preempted by § 301, the court engages in a two-step inquiry. *Burnside,* 491 F.3d 1053. First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective-bargaining agreement ("CBA")]. If the right exists solely as a result of the CBA, then the claim is preempted, and [the court's] analysis ends there." *Id*. at 1059. To make this determination, the court considers the legal character of a claim as independent of rights under the CBA. *Id*. at 1060. "A claim brought in state court on the basis of a state-law right that is 'independent of rights under the collective-bargaining agreement,' will not be preempted, even if 'a grievance arising from "precisely the same set of facts" could be pursued.'" *Valles v. Ivy Hill Corp*., 410 F.3d 1071, 1076 (9th Cir. 2005) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123, 114 S.Ct. 2068, 2078 (1994)). Additionally, "reliance on the CBA as an aspect of a defense is not enough to 'inject[] a federal question into an action that asserts what is plainly a state-law claim.'" *Burnside*, 491 F.3d at 1060 (quoting *Caterpillar*, 482 U.S. at 398-99, 107 S.Ct. at 2433).

Plaintiff's claims arise wholly under state law. Plaintiff's Complaint asserts eight causes of action for relief under California law: (1) failure to pay minimum and regular rate wages [Cal.

Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) failure to pay overtime wages [Cal. Lab. Code §§ 1194 and 1198]; (3) failure to provide meal periods [Cal. Lab. Code §§ 226.7, 512]; (4) failure to authorize and permit rest breaks [Cal. Lab. Code § 226.7]; (5) failure to timely pay final wages at termination of employment [Cal. Lab. Code §§ 201-203]; (6) failure to provide accurate itemized wage statements [Cal. Lab. Code § 226]; and (7) unfair business practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].  (Complaint: Dkt. No. 1-2, ¶¶ 29-89)

    "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'lQuality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). All of Plaintiff's claims seek to enforce non-negotiable statutory rights and protections that arise exclusively out of state law and exist independently of federal law or the CBA. Plaintiff alleges only state law causes of action that do not arise from or call into question any terms of the CBA. Plaintiff does not allege any violation of the terms of the CBA.

    Moreover, even though the Court must consider whether the CBA waives the right to litigate Plaintiff's state statutory claims, the state law rights at issue here do not substantively depend on an analysis of the CBA, see *Cramer*, 255 F.3d at 692 (finding § 301 does not apply in cases presenting the question of whether the plaintiff's union bargained away the state law rights at issue, as "a court may look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering § 301 preemption"). Here, as in *Maiava*, the Complaint asserts claims all arising from California law (Complaint: Dkt. No. 1-2, ¶¶ 29-89) and makes no mention of the CBA. (See, generally, *id*.); see *Vasserman v. Henry Mayo Newhall Memorial Hospital*, 2014 WL 6896033, *23 (C.D. Cal. 2014) (Morrow, J.) (concluding that plaintiff had "alleged claims that ar[o]se under state law, rather than the CBAs that governed her employment and that of putative class members, and that resolution of her claims [would] not substantially depend on interpretation of those agreements.").

    Second, if "the right exists independently of the CBA, [the court] must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Burnside*, 491 F.3d at 1059 (quoting *Caterpillar*, 482 U.S. at 394, 107 S.Ct. at

2431). The court considers "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA. If the latter, the claim is preempted; if the former, it is not." *Id.* at 1060 (internal citations omitted) (alteration in original); see *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691-92 (9th Cir. 2001), cert. denied, 534 U.S. 1078 (2002) ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA."). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Cramer*, 255 F.3d at 691. "When the parties do not dispute the meaning of contract terms, the fact that a CBA will be consulted in the course of state law litigation does not require preemption." *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007). Section "301 preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship; § 301 has not become a 'mighty oak' that might supply cover to employers from all substantive aspects of state law." *Valles*, 410 F.3d at 1076 (internal quotation marks and citations omitted). "In particular, **the Court has sought to preserve state authority in areas involving minimum labor standards**." (emphasis added) *Id*. Therefore, "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Id.* Indeed, "§ 301 does not permit parties to waive, in a collective bargaining agreement, nonnegotiable state rights conferred on individual employees" and "must not be construed to give employers and unions the power to displace state regulatory laws." *Id.* (internal quotation marks and citations omitted). Where waiver of state rights is permissible under state law, "the CBA must include clear and unmistakable language waiving the covered employee's state right for a court even to consider whether it could be given effect." *Id*. (internal quotation marks and citations omitted).

Defendant has not shown why the CBA will need to be "analyzed" or "interpreted" rather than simply "referenced." Just because a CBA provides for overtime compensation and/or meal and rest periods does not mean that a court will need to "interpret" the CBA to resolve a plaintiff's overtime or break claims. *See*, *e.g.*, *Vasserman v. Henry Mayo Newhall Memorial Hospital*, 2014 WL 6896033, *18 (C.D. Cal. Dec. 5, 2014) ("…the bare fact that a collective bargaining

agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished" (citing *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).).

a. <u>It Is Not Necessary To Analyze Or Interpret The CBA Regarding Plaintiff's Overtime Claim</u>

Defendant's argument that Plaintiff's overtime claim is preempted because of a statutory exemption set forth in California Labor Code §§ 514 is unpersuasive. (NOR, ¶ 22.). As the court stated in *Vasserman*, in rejecting the same argument:

> First, the fact that the § 514 exemption may apply does not alter the substance of [plaintiff's] claim. If it is ultimately determined that § 514 applies, this will simply mean that [plaintiff] has alleged a claim under a statute she cannot invoke, and under which she is unable to recover. Stated differently, although [plaintiff's] claim may ultimately fail, the court is unable to conclude that its resolution is substantially dependent on analysis of the CBAs when the supporting allegations focus only on state law. Indeed, [plaintiff] specifically and repeatedly pleads violations of state law, not a violation of the CBAs or right they provide. Second, because, as noted, [defendant's] reliance on § 514 is essentially a defense to [plaintiff's] overtime claim, it does not give rise to § 301 preemption.

*Vasserman*, 2014 WL 6896033, at *14-15.

The court concluded that plaintiff's claim was therefore not preempted. *Id*. at *15; see also *Placencia v. Amcor Packaging Distribution, Inc.*, 2014 WL 2445957, *3 (C.D. Cal. 2014) ("Plaintiff, as the master of his complaint, has chosen to plead his overtime claim not under the CBA, but rather under California law. [Defendant] essentially argues Plaintiff can't plead such a claim. That may be proper grounds for demurrer, but it is not sufficient grounds for removal here."). Fundamentally, California employees' right to be compensated at the overtime rate exists as a matter of state law and is independent of any provisions found in the CBA. As such, the overtime claim brought by Plaintiff on his behalf and all others similarity situated does not require the interpretation of a CBA.

b. <u>It Is Not Necessary To Analyze Or Interpret The CBA Regarding Plaintiff's Break Claims</u>

Defendant does not city any specific with respect to its contention that Plaintiff's meal and rest breaks are preempted. (NOR, ¶ 21.)  When examining this same issue, numerous courts have

held that California meal break claims are not preempted. *Meyer v. Irwin Industries, Inc.*, C.D.Cal.2010, 723 F.Supp.2d 1237; *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1082 (9th Cir.2005); *see also Mitchell v. Mirant Cal., LLC,* 2008 WL 501392, at *3 (N.D.Cal. Feb. 21, 2008).

Given that the right to breaks applies to California workers with collective bargaining agreements, the next analysis is to consider whether such rights are nonnegotiable under California state law. The Court wrote in *Livadas,* "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." 512 U.S. at 123, 114 S.Ct. 2068. Section 301 "does not permit parties to waive, in a collective bargaining agreement, nonnegotiable state rights." *Balcorta,* 208 F.3d at 1111. "Were we to extend the § 301 complete preemption doctrine to allow for preemption by virtue of such a waiver, 'parties would be able to immunize themselves from suit under state-laws of general applicability by simply including their unlawful behavior in a labor contract.' " *Id*. at 1081 (citing *Associated Builders & Contractors,* 109 F.3d at 1357). Here, Plaintiff has predicated his claims purely on state law, and there is no reason to analyze or interpret a CBA. The right to meal periods applies to California workers, even if they are signatories of collective bargaining agreements. Because Plaintiff has based his  meal and rest period claims on the protections afforded by California state law, without any reference to expectations or duties created by the CBA, the claims are not subject to preemption and the Court lacks jurisdiction over them.

**C.  Defendant Is Merely Relying Upon the CBA to Mount Its Defenses**

Because Defendant is essentially relying on the defensive use of the CBA, there is no preemption. The existence of a federal defense is not enough to justify removal to federal court. (emphasis added) *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint[.]") (italics in original). It is not enough for removal purposes that a federal question may arise in connection with a defense or counterclaim. See *Burnside*, 491 F.3d at 1060;

*see also Vasserman*, 2014 WL 6896033, at \*16; *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392-93 (1987). *Caterpillar* states:

> "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint….it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392-93 (1987). Defendant is relying upon the CBA merely to mount its defenses, which is insufficient for preemption purposes. *See, e.g.*, *Dahl v. Albertsons Inc.*, 234 F.Appx. 446, 449 (9th Cir. 2007) ("Because [defendants] are looking to the Settlement Agreement's arbitration and release provisions in 'mounting their defenses,' there is no preemption and removal was improper under *Caterpillar* and *Cramer").*

Defendant is using § 301 as a defense to Plaintiff's break claims and overtime claim. Defendant relies on Lab. Code § § 512 and 514 and Wage Order No. 16, which are affirmative defenses. *Vasserman v. Henry Mayo Newhall Meml. Hosp.,* 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014); *Araquistain v. Pacific Gas & Electric Company,* 229 Cal.App.4th 227, 231, 176 Cal.Rptr.3d 620 (2014). Defendant's use of Lab. Code § 512 and 514, and Wage Order No. 16 are merely to mount its defenses, and is thus insufficient to establish § 301 preemption.

Accordingly, even if this Court were convinced that Plaintiff's claims fell within the scope of the CBA and/or arose from the CBA, such a finding would be insufficient for removal purposes, since the CBA is merely being used by Defendant in order to mount its defenses. Thus, there is no federal question jurisdiction based on the LMRA.

### D. Plaintiff's Derivative Claims Remain Viable Because Plaintiff's Claims Predicated on the Failure to Pay Overtime Wages and Compliant Meal & Rest Breaks Remain Viable

Defendant's assertion that the Court has supplemental jurisdiction on Plaintiff's "derivative" claims (claims that stand or fall on the basis of other claims, including the claims for late payment of final wages, deficient wage statements, and UCL violations) is equally faulty because this Court lacks subject matter jurisdiction over Plaintiff's underlying claims and must remand the case back to Alameda County Superior Court.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

1    **IV.    <u>CONCLUSION</u>**

2           Based on all of the above, Defendant has failed to meet its burden of proving that federal

3    question jurisdiction exists in this case. Thus, the Court should grant Plaintiff's Motion to

4    Remand.

5                                          Respectfully submitted,

6
     Dated:    November 6, 2020                  **MOON & YANG, APC**
7

8                                          By: /s/ Allen Feghali
                                               Kane Moon
9                                              Allen Feghali
                                               Enzo Nabiev
10
                                               Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28