IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TOLENTINO, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GILLIG, LLC,<br><br>　　　　　　　Defendant. | Case No. 20-cv-07427-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; REMANDING STATE LAW CLAIMS** |

Before the Court are the following two motions: (1) plaintiff Ronald Tolentino's ("Tolentino") "Motion to Remand," filed November 6, 2020, and (2) defendant Gillig, LLC's ("Gillig") "Motion to Dismiss," filed December 4, 2020. Both motions have been fully briefed. Having considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

## BACKGROUND

In the instant action, Tolentino, who was employed by Gillig as a maintenance worker from May 2002 to June 2020 (see Compl. ¶ 7), alleges Gillig "failed to pay [him] for all hours worked (including minimum wages and overtime compensation), failed to provide [him] with uninterrupted meal periods, failed to authorize and permit [him] to take uninterrupted rest periods, failed to maintain accurate records of the hours [he] worked, failed to timely pay all final wages to [him] when [Gillig] terminated [his] employment, and failed to furnish accurate wage statements to [him]" (see id. ¶ 14).

---

[1] By orders filed December 7, 2020, and January 4, 2021, the Court took the matters under submission.

Based thereon, Tolentino, on September 16, 2020, filed his complaint in the Superior Court of California, in and for the County of Alameda, asserting, on behalf of himself and a putative class, the following seven Causes of Action: (1) "Failure to Pay Minimum Wages for All Hours Worked," (2) "Failure to Pay Overtime Wages," (3) "Failure to Provide Meal Periods," (4) "Failure to Authorize and Permit Rest Periods," (5) "Failure to Pay Wages of Discharged Employees – Waiting Time Penalties," (6) "Failure to Provide and Maintain Accurate and Compliant Wage Records," and (7) "Violation of California Business & Professions Code §§ 17200, et seq."

On October 22, 2020, Gillig removed the case to federal court, on the ground that the asserted Causes of Action are preempted by federal labor law, specifically, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Thereafter, Tolentino moved to remand the case to state court, on the ground that this Court lacks subject matter jurisdiction, and Gillig moved to dismiss all Causes of Action alleged therein, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**LEGAL STANDARD**

**A.    Motion to Remand**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," see 28 U.S.C. § 1447(c), and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," see Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The party invoking the federal court's removal jurisdiction bears the burden of establishing federal jurisdiction. See Emrich v. Toche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

**B.    Motion to Dismiss**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

**A.  Motion to Remand**

In his Motion to Remand, Tolentino argues Gillig "failed to establish federal question jurisdiction under § 301 pre-emption of the Labor Management Relations Act." (See Mot. to Remand at 2:3-6.)

Pursuant to section 301 of the LMRA, "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties." See 29 U.S.C. § 185. "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement ["CBA"], and any state claim whose outcome depends on analysis of the terms of the agreement." See Newberry v. Pac. Racing Ass'n, 854 F.2d 1142, 1146 (9th Cir. 1988) (internal citation omitted). "Once preempted, any claim purportedly based on [a] . . . state law is considered, from its inception, a

3

federal claim, and therefore arises under federal law." See Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007) (alteration in original) (internal quotation and citation omitted).

To determine whether a state law claim is preempted by § 301, the Ninth Circuit employs a "two-step test." See Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1152 (9th Cir. 2019). First, courts ask "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." See Burnside, 491 F.3d at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted." See id. "If, however, the right exists independently of the CBA," the court must determine "whether it is nevertheless substantially dependent on analysis of a collective-bargaining agreement," see id. (internal quotation and citation omitted), which determination "turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA," see Curtis, 913 F.3d at 1153 (alteration in original) (internal citation omitted). "At this second step of the analysis, claims are only preempted to the extent there is an active dispute over the meaning of contract terms." See id. (internal quotations and citation omitted).

Here, Gillig offers evidence, undisputed by Tolentino, that during the course of Tolentino's employment with Gillig, he was subject to the terms of a CBA between Gillig and Teamsters Local 853 ("Union"). (See Req. for Judicial Notice ("RJN") Ex. 1.)[2] Based thereon, Gillig contends (1) Tolentino's overtime and untimely payment of wages claims are preempted by § 301, on the basis that those claims involve rights that exist solely as a result of the CBA, (2) Tolentino's minimum wage and rest break claims are preempted by § 301, on the basis that those claims require "substantial interpretation" of the CBA (see Opp. to Mot. to Remand at 5:22-6:1), and (3) Tolentino's remaining claims are either

---

[2] Tolentino's unopposed Request for Judicial Notice of the above-referenced CBA is hereby GRANTED. See Hall v. Live Nation Worldwide, Inc., 146 F. Supp. 3d 1187, 1192-93 (C.D. Cal. 2015) (taking judicial notice of CBA where defendant asserted plaintiff's claims were completely preempted by LMRA).

derivative of the foregoing claims or warrant the Court's exercise of supplemental jurisdiction.

The Court next addresses the claims in the order discussed by Gillig in opposing Tolentino's Motion to Remand.

### 1. Failure to Pay Overtime

In the Second Cause of Action, Tolentino alleges Gillig failed to pay him overtime compensation, in violation of section 510 of the California Labor Code. Gillig argues the Second Cause of Action is preempted and thus is subject to remand, as it "exists solely as a result of the CBA." (See Opp. to Mot. to Remand at 9:3-4); see also Burnside, 491 F.3d at 1059 (holding claim preempted where "right exists solely as a result of the CBA"). As discussed below, the Court agrees.

Section 510 of the California Labor Code sets forth the hours constituting overtime hours and the rate of pay applicable thereto. See Cal. Labor Code § 510. The Labor Code, however, further provides:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

See id. § 514. "By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA." See Curtis, 913 F.3d at 1153-54. Rather, under such circumstances, the employee's "right to overtime exists solely as a result of the CBA." See id. at 1155 (internal quotation and citation omitted) (finding, where CBAs at issue "me[t] the requirements of section 514," plaintiff's overtime claim was preempted by LMRA).[3] Here, it is undisputed that the

---

[3] The case on which Tolentino relies, Vasserman v. Henry Mayo Newhall Memorial Hospital, 65 F. Supp. 3d 932 (C.D. Cal. 2014), was decided before Curtis, and thus, Tolentino's reliance thereon is unavailing. See Fennix v. Tenderloin Hous. Clinic, Inc., No. 20-CV-05207-DMR, 2020 WL 6462394, at *3 & n.3 (N.D. Cal. Nov. 3, 2020) (finding claim preempted where plaintiff did not dispute CBA met requirements of section 514; noting Vasserman was "decided before Curtis and relied on caselaw explicitly abrogated

relevant CBA meets the requirements set forth in section 514, and, consequently, Tolentino's right to overtime exists solely as a result thereof.

Accordingly, the Second Cause of Action, to the extent it alleges failure to pay overtime, is preempted by the LMRA.

### 2. Failure to Timely Pay Wages

The First and Second Causes of Action are based in part on Gillig's alleged failure to timely pay wages, in violation of section 204 of the California Labor Code. Gillig contends those claims, like Tolentino's overtime claim, "arise[] solely as a result of the CBA." (See Opp. to Mot. to Remand at 10:25-11:1.) Again, the Court agrees.

Under the California Labor Code, employers are required to pay wages "twice during each calendar month." See Cal. Labor Code § 204(a). When, however, "employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees." See id. § 204(c). Here, it is undisputed that the subject CBA provides for such an arrangement, specifically, the payment of wages on a weekly basis. (See RJN Ex. 1 § 4.1 ("Payday will be weekly for all employees.").) Consequently, Tolentino's right to the timely payment of wages "exists solely as a result [of] the CBA." See Bradford v. Prof'l Tech. Sec. Servs. Inc. (Protech), No. 20-CV-02242-WHO, 2020 WL 2747767, at *4 (N.D. Cal. May 27, 2020) (holding, where CBA provided for different pay arrangement than arrangement set forth in section 204(a), "[plaintiff's] right to timely payment exist[ed] solely as a result [of] the CBA and [was] preempted").

Accordingly, the First and Second Causes of Action, to the extent they allege failure to timely pay wages, are preempted by the LMRA.

### 3. Failure to Pay Minimum Wages

In the First Cause of Action, Tolentino alleges Gillig failed to compensate him for all of the hours he worked and thus that he is entitled "to recover minimum wages for all

---

by that decision").

non-overtime hours worked for [Gillig]." (See Compl. ¶ 32.) Although Gillig does not contend Tolentino's right to minimum wages exists solely as a result of the CBA, see Cal. Labor Code § 1197 (making it "unlawful" to pay "lower wage than the minimum" provided by law), it contends resolution of Tolentino's claim based on such right "requires substantial interpretation of the CBA" (see Opp. to Mot. to Remand at 11:17-20). Specifically, Gillig argues, the Court must interpret Tolentino's "minimum pay rate" as "set forth in Appendix A of the CBA, along with various minimum wage increases agreed to by Gillig and the Union in multiple extension agreements." (See id. at 11:20-23.)

Gillig fails, however, to identify an "active dispute," see Curtis, 913 F.3d at 1153, or even a likely dispute, over the meaning of any terms in the CBA relevant to a determination of Tolentino's pay rate, and "the fact that [Tolentino's] minimum wage rate is defined by the CBA does not in itself create a dispute about the CBA's terms," see Parker v. Cherne Contracting Corp., No. 18-CV-01912-HSG, 2019 WL 359989, at *6 (N.D. Cal. Jan. 29, 2019) (finding, where "[d]efendant has not identified any substantive dispute over the language of the CBA that would require interpretation," plaintiff's minimum wage claims are not preempted by LMRA). Indeed, Tolentino is not challenging the hourly figure applicable to the hours he worked; rather, he alleges there were hours he worked for which he received no credit, i.e., no payment at all. Thus, any reference to the minimum wage rate provided in the CBA will be necessary only for the purpose of calculating the appropriate amount, if any, of damages to which Tolentino is entitled, i.e., the sum attributable to any unpaid hours, and "the mere need to 'look to' the collective-bargaining agreement for damages computation is no reason to hold the state-law claim defeated by § 301." See Livadas v. Bradshaw, 512 U.S. 107, 124-25 (1994) (holding, "the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished").

Accordingly, the First Cause of Action, to the extent it alleges a failure to pay minimum wages, is not preempted by the LMRA, i.e., it remains, as pleaded, a state law claim, and, as said claim and the claims over which the Court has original jurisdiction

"derive from a common nucleus of operative fact," specifically, Tolentino's employment relationship with Gillig, the Court finds it appropriate to exercise supplemental jurisdiction over it. See Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (internal quotations and citations omitted).

### 4. Failure to Provide Rest Breaks

In the Fourth Cause of Action, Tolentino alleges Gillig "failed to authorize [him] . . . to take rest breaks." (See Compl. ¶ 54.) Gillig does not contend Tolentino's right to rest breaks exists solely as a result of the CBA. See Cal. Labor Code § 226.7. Rather, Gillig contends resolution of the Fourth Cause of Action "requires substantial interpretation of the CBA." (See Opp. to Mot. to Remand at 13:9-12.) In support thereof, Gillig points to section 4.6 of the CBA, which provides as follows:

> All full-time employees shall be entitled to two (2) ten minute breaks each day. One (1) break shall be in the first half of the shift and the other during the second half of the shift. An additional break of ten (10) minutes shall be taken at the end of the regular shift when three (3) or more hours of overtime is scheduled or anticipated.

(See RJN Ex. 1 § 4.6.) In particular, Gillig argues, the terms "shall be entitled," "regular shift," and "anticipated" will require interpretation of the above-referenced provision. (See Opp. to Mot. to Remand at 13:21-23, 14:9-11.)

Gillig fails, however, to identify an active dispute as to the interpretation of any of the above terms; to the extent Gillig argues there is a potential for dispute, and even assuming, arguendo, a potential, rather than an active, dispute suffices for purposes of § 301, see Curtis, 913 F.3d at 1153 (holding, "[a]t th[e] second step of the analysis, claims are only preempted to the extent there is an active dispute over the meaning of contract terms" (internal quotations and citation omitted)), Gillig's argument is not persuasive.[4]

---

[4] The case on which Gillig relies, Marquez v. Toll Global Forwarding (USA) Inc., No. 218CV03054ODWASX, 2018 WL 3218102 (C.D. Cal. June 28, 2018), is readily distinguishable on its facts, as the terms under consideration therein were different than the above-referenced terms; moreover, the parties "actively dispute[d]" them. See

8

First, as to the term "shall be entitled," there is, contrary to Gillig's assertion, no meaningful distinction between that language and the statutory term "shall authorize and permit." See Cal. Code Regs. tit. 8, § 11160(11); see also Bradford, 2020 WL 2747767, at *7 (finding CBA provision, pursuant to which employees were "entitled" to rest breaks, "unambiguous"). Second, when read in context, there can be no real disagreement as to the meaning of the term "regular shift." (See RJN Ex. 1 § 4.2 ("Regular Workday (Day Shift)") (providing, "[t]he regular workday . . . shall consist of eight (8) consecutive hours"). Similarly, the meaning of the term "anticipated" overtime is not reasonably subject to dispute. In particular, "anticipated" overtime, when read in context, is unscheduled overtime that has been offered to an employee and has not, by the end of the employee's regular shift, been refused. (See id. §§ 4.7-4.9.)

Accordingly, the Fourth Cause of Action is not preempted by the LMRA, i.e., it remains, as pleaded, a state law claim, and, as said claim and the claims over which the Court has original jurisdiction "derive from a common nucleus of operative fact," specifically, Tolentino's employment relationship with Gillig, the Court finds it appropriate to exercise supplemental jurisdiction over it. See Trs. of Constr. Indus. & Laborers Health & Welfare Tr., 333 F.3d at 925 (internal quotations and citations omitted).

### 5. Remaining Causes of Action

As noted, Gillig argues the remaining Causes of Action are either derivative of the Causes of Action that are preempted by the LMRA or warrant the Court's exercise of supplemental jurisdiction. Specifically, Gillig contends (1) the Fifth, Sixth, and Seventh Causes of Action are derivative of the claims over which the Court has original jurisdiction, and (2) the Court should exercise supplemental jurisdiction over the Third Cause of Action.[5]

---

Marquez v. Toll Global Forwarding, 804 F. App'x 679, 681 (9th Cir. 2020).

[5] In its Motion to Dismiss, Gillig argues the Third Cause of Action, i.e., Tolentino's meal period claim, is preempted by § 301, apparently basing such argument on the CBA's "reference to lunch or meal periods in three separate provisions." (See Mot. to Dismiss at 13:26.) Gillig fails, however, to identify any dispute, whether active or

As discussed above, the First Cause of Action, to the extent it alleges a failure to timely pay wages, and the Second Cause of Action, in its entirety, are preempted by the LMRA.  To the extent the Fifth, Sixth, and Seventh Causes of Action are derivative thereof, they likewise are preempted by the LMRA.  See Vasquez v. Packaging Corp. of Am., No. CV 19-1935 PSG (PLAx), 2019 WL 4543106, at *4 (C.D. Cal. June 7, 2019) (finding, where plaintiff's overtime claim was preempted by LMRA, plaintiff's remaining claims were preempted by LMRA "to the extent they [were] derivative of [p]laintiff's overtime claim").

As to the Third Cause of Action, in its entirety, as well as the Fifth, Sixth, and Seventh Causes of Action, to the extent they are not derivative of the preempted claims, the Court, for the same reasons as set forth above with respect to Tolentino's minimum wage and rest break claims, finds it appropriate to exercise supplemental jurisdiction.

### 6. Conclusion: Motion to Remand

In sum, to the extent Tolentino seeks an order remanding all asserted Causes of Action to state court based on a lack of subject matter jurisdiction, the Motion to Remand will be denied.

## B. Motion to Dismiss

In its Motion to Dismiss, Gillig argues Tolentino's claims are subject to dismissal because Tolentino "failed to grieve and arbitrate his claims in accordance with the requirements of the collective bargaining agreement." (See Mot. to Dismiss at 6:11-13.) In support thereof, Gillig points to section 9 of the CBA, titled, "SETTLEMENT OF DISPUTES," which sets forth the "Grievance Procedure" governing resolution of "any disputes or grievances which may arise concerning the application or enforcement of [said] Agreement." (See RJN Ex. 1 § 9.1.)  Specifically, as provided therein, an "aggrieved employee," within three working days after such employee "first had notice to [sic] the facts on which the grievance is based," is required to first raise the grievance

---

potential, as to the meaning of any terms contained therein.

"with his/her immediate supervisor," to thereby "endeavor to adjust the matter," and, if unsuccessful, to continue through a series of meetings with progressively higher-level Gillig personnel, followed by submission to a "Board of Adjustment" consisting of Union members selected by Gillig and the Union,[6] and, ultimately, a hearing by a "neutral arbitrator," whose decision "shall be final and binding upon the Company, the Union and all employees concerned." (See id. §§ 9.1-9.2, 9.6.)

In response, Tolentino does not dispute Gillig's assertion that he failed to exhaust the grievance procedures set forth in the CBA. Rather, Tolentino argues, Gillig has failed to show he agreed to "'a clear and unmistakable waiver' of [his] protected right to bring statutory claims in a judicial forum." (See Opp. at 17:18-20 (internal citation omitted).)[7]

As to the Causes of Action over which the Court has original jurisdiction, however, i.e., the preempted claims, such argument is unavailing for the reason that, as discussed above, those claims involve rights that "exist[] solely as a result of the CBA" and not a state statute. See Burnside, 491 F.3d at 1059. Consequently, as to those claims, Tolentino's waiver of his right to bring statutory state law claims in a judicial forum is irrelevant, and, given Tolentino's undisputed failure to exhaust the grievance procedures set forth in the CBA, the First Cause of Action, to the extent it alleges untimely payment of wages, the Second Cause of Action, in its entirety, and the Fifth, Sixth, and Seventh Causes of Action, to extent they are derivative of the foregoing Causes of Action, are subject to dismissal. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220-21 (1985) (holding, where plaintiff's state law claim was preempted by § 301, such claim "should have been dismissed for failure to make use of the grievance procedure established in the collective-bargaining agreement or dismissed as pre-empted by § 301" (internal

---

[6] "If a majority of the Board can agree on a determination of the grievance," its decision is "final." (See RJN Ex. 1 § 9.2.)

[7] In opposing Gillig's Motion to Dismiss, Tolentino again contends none of his claims are preempted by the LMRA. Having resolved that issue above, the Court does not address it again here.

11

1    citation omitted)).

2    Further, in light of the CBA's provision for final and binding resolution under the
3    Grievance Procedures set forth therein, the Court finds amendment of those Causes of
4    Action would be futile, and, consequently, leave to amend will be denied. See Brown v.
5    Lucky Stores, Inc., 246 F.3d 1182, 1189 (9th Cir. 2001) (holding claims preempted by §
6    301 "should have been dismissed with prejudice," where plaintiff "failed to seek redress
7    as provided in the CBA," under which she agreed to "pursue such claims in binding
8    arbitration"; noting plaintiff "cannot now resort to the courts to adjudicate th[o]se claims").

9    As to Tolentino's claims that remain, as pleaded, state law claims, the Court's
10   jurisdiction is, as discussed above, supplemental in nature, and where, as here, a court
11   has dismissed the claims over which it has original jurisdiction, it may decline to exercise
12   supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3). In this instance, given the early
13   stage of the proceedings, the Court declines to exercise supplemental jurisdiction over
14   the state law claims, and those claims will be remanded to state court.

**CONCLUSION**

16   For the reasons stated above:

17   1.    Tolentino's Motion to Remand is hereby DENIED.

18   2.    Gillig's Motion to Dismiss is hereby GRANTED in part and DENIED in part
19   as follows:

20         a.    The First Cause of Action, to the extent it alleges untimely payment
21   of wages, is hereby DISMISSED with prejudice.

22         b.    The Second Cause of Action, in its entirety, is hereby DISMISSED
23   with prejudice.

24         c.    The Fifth, Sixth, and Seventh Causes of Action, to the extent they
25   are derivative of the above-referenced Causes of Action, are hereby DISMISSED with
26   prejudice.

27         d.    As to the First Cause of Action, to the extent it alleges a failure to
28   pay minimum wages, the Third Cause of Action, in its entirety, the Fourth Cause of

Action, in its entirety, and the Fifth, Sixth, and Seventh Causes of Action, to the extent they are not derivative of the claims dismissed above, the motion is DENIED, and those Causes of Action are hereby REMANDED to the Superior Court of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: January 13, 2021

_____
MAXINE M. CHESNEY
United States District Judge